UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE I, et al.,

               Plaintiffs,

v.

EXXON MOBIL CORPORATION, EXXON
MOBIL OIL INDONESIA INC., MOBIL
CORPORATION, AND MOBIL OIL
CORPORATIONS

               Defendants.

Civil Action No.: 01-1357 (LFO)

## PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY

Plaintiffs respectfully move the Court to lift the stay of discovery imposed by its September 20, 2002 Order for the reasons in the attached Memorandum of Law. Pursuant to Local Rule 7(m), Plaintiffs conferred with Defense counsel regarding this motion. Defendants have informed Plaintiffs that they oppose this motion.

Dated: May 2, 2005

Respectfully submitted,

/s/

Michael D. Hausfeld, DC Bar # 153742
Agnieszka Fryszman, DC Bar # 459208
COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower - Suite 500
Washington, DC 20005-3964
T: (202) 408-4600
F: (202) 408-4699

Terrence Collingsworth, DC Bar # 471830
Natacha Thys, DC Bar # 458143
INTERNATIONAL LABOR RIGHTS
 FUND
733 15th Street, N.W. - Suite 920
Washington, DC  20005
T:  (202) 347-4100
F:  (202) 347-4885

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE I, et al.,

                    Plaintiffs,

v.

EXXON MOBIL CORPORATION, EXXON
MOBIL OIL INDONESIA INC., MOBIL
CORPORATION, AND MOBIL OIL
CORPORATIONS

                    Defendants.

Civil Action No.: 01-1357 (LFO)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY

Plaintiffs respectfully submit this memorandum in support of their motion to lift the stay of discovery imposed by the Court's September 20, 2002 Order. Plaintiffs did not oppose the stay on discovery when it was entered by the court, but the passage of time and recent events in Indonesia have tipped the balance in favor of permitting discovery in this case to go forward.

To determine whether to stay discovery while pending dispositive motions are decided, "the trial court inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 3 (D.D.C. 2001) (internal quotation omitted).

Here, Defendants' Motion to Dismiss was argued on April 9, 2002, and it has been nearly three years since the stay on discovery was entered. The stay of discovery

has precluded plaintiffs from identifying and preserving testimonial evidence from key individuals. With the lapse of time, memories fade, perspectives change, and it becomes increasingly difficult to locate key witnesses, some of whom are needed to testify about events as far back as 1990.

The recent tsunami that devastated Aceh Province makes immediate preservation of this testimonial evidence all the more crucial. Counsel for plaintiffs were recently able to confirm that all eleven plaintiffs are alive and can be made available for discovery. But, it is increasingly likely that other witnesses are leaving the region, becoming harder to locate or otherwise unavailable. As these witnesses leave their villages, it is likely that the ability to contact them will be lost forever.

In the Order staying discovery, the Court required that the parties collect and preserve potentially responsive evidence. *See* Order, September 20, 2002. With the passage of time, however, the mere preservation of selected evidence is no longer adequate. Plaintiffs require access to the preserved evidence itself, in order to identify potential witnesses, as well as the opportunity to take affirmative discovery of witnesses with potentially relevant information before doing so becomes an impossibility. Lifting the discovery stay would enable preservation of significant witness testimony before it disappears forever.

## FACTUAL BACKGROUND

Exxon Mobil owns and operates natural gas extraction and processing facilities in Arun, a region in Aceh Province. Compl. ¶¶ 29-30. In order to guard its facilities, Exxon Mobil opted to hire military security forces, who received direction, financial and other material support, and training from officials of Exxon Mobil. *Id.* ¶¶ 41, 44, 46. Plaintiffs

2

are ethnic Achenese, living in villages located within the security perimeter of Exxon Mobil's facilities in Aceh. *Id.* ¶¶ 6-16. Plaintiffs allege, solely and exclusively, that their injuries were caused by Exxon Mobil's paid security forces, which inflicted a reign of terror upon innocent villagers who happened to reside within the security perimeter. *Id.* ¶¶ 48-58.

On June 19, 2001, Plaintiffs filed this lawsuit, which seeks declaratory, injunctive and monetary relief under the Alien Tort Statute, Torture Victims Protection Act, as well as common law and statutory tort causes of action. Several months later, on October 1, 2001, Defendants filed a motion to dismiss this suit, which is still pending. In an Order dated September 20, 2002, this Court stayed discovery in this litigation pending its decision on defendants' motion to dismiss. No part of that stay has been lifted, and the parties have only exchanged written discovery requests and gathered their own documents likely responsive to these requests.

**ARGUMENT**

The length of time this case has been pending and the effects of the tsunami, particularly its attendant dislocation of the population, have caused "the harm produced by a delay in discovery" to decidedly outweigh "the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *See Chavous*, 201 F.R.D. at 3.

3

**Plaintiffs Are Substantially Prejudiced By The Passage Of Time, And This Prejudice Far Outweighs Countervailing Concerns**

With each passing day, it becomes increasingly likely that key witness testimony will be forever lost, prejudicing plaintiffs and ultimately compromising their right to have their day in court.

The Supreme Court has observed that the passage of time leads to "a less accurate outcome as witnesses become unavailable and memories fade." *New York v. Hill*, 528 U.S. 110, 117 (2000); *Cf. Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-49 (1944) (describing policy behind statutes of limitations as "designed to promote justice" by ensuring claims are brought before "evidence has been lost, memories have faded, and witnesses have disappeared.").

The consequences of extended delay are impossible to measure: "If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker v. Wingo*, 407 U.S. 514, 532 (1972). Certainly, in this case, some witnesses have already become unavailable or their memories have faded about the events dating back to 1990.

Courts regularly link the passage of time to the denial of justice.[1] The "erosive effects of the passage of time" cause "'evidence and witnesses [to] disappear, memories [to] fade, and events [to] lose their perspective.'" *Smith v. Hooey*, 393 U.S. 374, 380 (1969); *DSMC v. Convera Corp*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002) (denying stay in

---

[1] The Civil Justice Reform Act, 28 U.S.C. § 471 et seq., contemplates that motions will be resolved within six months and that the cases generally will be resolved within 18 months. 28 U.S.C. § 473(a)(1)(B); 28 U.S.C. § 476(a)(1) (requiring reports on motions "pending for more than six months").

part because "evidence may be lost and memories fade"); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (denying stay and concluding that the passage of time is harmful because "witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time"); *Cf. Johnson v. Rodgers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (finding fourteen month delay in ruling on habeas petition impermissible and that "justice delayed is justice denied").

Furthermore, the recent tsunami only heightens the immediacy of plaintiffs' need to depose crucial witnesses. *See, e.g.,* Scott Baldauf, *Two Paths Back From Tsunami*, Christian Science Monitor, Apr. 21, 2005 (noting 533,000 people were displaced in Aceh by the December 2004 tsunami, many of whom are staying in temporary camps or in neighboring villages); Jane Perlez and Evelyn Rusli, *Asia's Deadly Waves: the Displaced; Homeless of Aceh Wary of Program to Resettle*, N.Y. Times, Jan 18, 2005 (noting villagers fear staying in camps guarded by soldiers and that small villages have become makeshift refugee centers). This dislocation makes it likely that plaintiffs' counsel will be unable to locate potential witnesses who are leaving their villages and/or leaving the region. The havoc caused by that disaster four months ago virtually ensures that testimonial "evidence diminishes daily." *See Northwest Airlines, Inc. v. Transport Workers Union of America et al.*, No. 75-0223, 1975 WL 254, *3, (D.D.C. 1975) (finding loss of crucial testimonial evidence outweighed other considerations, despite possibility case would be rendered moot).

The certainty of harm from the loss of testimonial evidence outweighs the possibility – which Plaintiffs naturally believe is remote – that the case will be dismissed

5

and the discovery may ultimately prove unnecessary. Moreover, the burden of discovery can be minimized by limiting the number of depositions or other reasonable restrictions.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court lift the stay of discovery.

Dated:   May 2, 2005                              Respectfully submitted,

/s/
---
Michael D. Hausfeld,  DC Bar # 153742
Agnieszka Fryszman,  DC Bar # 459208
COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower  -  Suite 500
Washington, DC  20005-3964
T:  (202) 408-4600
F:  (202) 408-4699

Terrence Collingsworth,   DC Bar # 471830
Natacha Thys,  DC Bar # 458143
INTERNATIONAL LABOR RIGHTS
  FUND
733 15th Street, N.W. - Suite 920
Washington, DC   20005
T:  (202) 347-4100
F:  (202) 347-4885

*Counsel for Plaintiffs*