IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DOE I, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 01-1357 (LFO) |
| | ) | |
| EXXON MOBIL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION
TO PLAINTIFFS' PROPOSED DISCOVERY PLAN**

Defendants respectfully seek permission of the Court to file the attached 2 page
Surreply in further opposition to Plaintiffs' Proposed Discovery Plan. In their proposed
Surreply, Defendants attach the declaration of Exxon Mobil Oil Indonesia Inc. General
Counsel Richard C. Vint and seek to inform the Court of recent factual events in
Indonesia occurring *after* Defendants' submitted their Opposition to Plaintiffs' Proposed
Discovery Plan. *See United States v. Diabetes Treatment Centers of America, Inc.*, 238
F. Supp. 2d 270, 277 (D.D.C. 2002) ("A surreply is most appropriate where the new
matter introduced is factual.").

Dated: August 9, 2005

Respectfully submitted,

Martin J. Weinstein
DC Bar No. 388746
Robert J. Meyer
DC Bar No. 405632

WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
tel: (202) 303-1000
fax: (202) 303-2000

- and -

Paul W. Wright, DC Bar No. 111971
Coordinator, International Arbitration
     and Litigation

Exxon Mobil Corporation Law Department
800 Bell Street
Houston, TX 77002
Counsel for Defendants Exxon Mobil Corp.,
ExxonMobil Oil Indonesia Inc.,
Mobil Corp., and Mobil Oil Corp.

1105439.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DOE I, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 01-1357 (LFO) |
| EXXON MOBIL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' SURREPLY IN OPPOSITION
## TO PLAINTIFFS' PROPOSED DISCOVERY PLAN

In support of their Proposed Discovery Plan, Plaintiffs continue to insist that so-called "limited" discovery of the ExxonMobil Defendants will not offend Indonesian sovereignty because documents and information are sought from the ExxonMobil Defendants and not from the Indonesian government. (*See, e.g.*, Plaintiffs' Reply Regarding The Proposed Discovery Plan, filed July 29, 2005, at 3.)

Plaintiffs' distinction is not only incredulous, but false. The sovereignty concerns of the Indonesian government – reaffirmed in the Indonesian Embassy's June 2005 letter to the United States State Department – relate to the *contents* of the documents and information sought by the Plaintiffs, not the entities from whom that data is sought. In short, the Indonesian government justifiably seeks to protect information regarding its military and natural resources, wherever located in Indonesia, especially in a matter where it and the State Department believe this Court lacks adjudicative authority.

The fallacy of Plaintiffs' argument that discovery solely from the ExxonMobil Defendants will not offend Indonesian sovereignty is confirmed by a recent

conversation between defendant ExxonMobil Oil Indonesia Inc.'s ("EMOI") general counsel and his counterpart at the Indonesian state-owned oil and gas company, BPMIGAS. In the attached declaration, Richard C. Vint reports that on August 4, 2005, he spoke to the general counsel of BPMIGAS and learned that the Indonesian government asserts that it owns the data relating to EMOI's operations in Indonesia pursuant to the parties' production sharing contracts and will not consent to disclosure of documents and information to Plaintiffs in this matter. (Declaration of Richard C. Vint, attached as Exhibit 1, dated August 9, 2005, ¶ 4.) BPMIGAS followed the conversation with a letter addressed to Mr. Vint, echoing those concerns and stating, "the documents, information and data currently in the possession of EMOI are considered the property of the Indonesian government." (*Id.* at Exh. A.) Citing a series of laws and regulations, BPMIGAS warned that "anyone who submits or delivers or transfer [sic] Data without approval" is subject to "criminal sanctions including incarceration." (*Id.*). Moreover, Mr. Vint is informed that information relating specifically to security provided by the Indonesian military constitutes Indonesian national security information protected from disclosure by Indonesian criminal law. (*Id.* at ¶ 7.)

   For those reasons, it is abundantly clear that discovery, even if limited to the ExxonMobil defendants, will offend Indonesian sovereignty, put ExxonMobil Oil Indonesia, Inc. in jeopardy of violating Indonesian law, and interfere with United States foreign policy in precisely the manner that the political question doctrine seeks to avoid.

  Accordingly, this Court should not permit discovery to proceed but instead dismiss Plaintiffs' complaint.

Dated:  August 9, 2005

Respectfully submitted,

Martin J. Weinstein
DC Bar No. 388746
Robert J. Meyer
DC Bar No. 405632
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
tel: (202) 303-1000
fax: (202) 303-2000

- and -

Paul W. Wright, DC Bar No. 111971
Coordinator, International Arbitration
        and Litigation
Exxon Mobil Corporation Law Department
800 Bell Street
Houston, TX  77002
Counsel for Defendants Exxon Mobil Corp.,
ExxonMobil Oil Indonesia Inc.,
Mobil Corp., and Mobil Oil Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2005, I caused copies of the foregoing

Defendants' Motion For Leave To File Surreply In Opposition to Plaintiffs' Proposed Discovery

Plan and Defendants' Surreply In Opposition to Plaintiff's Proposed Discovery Plan to be faxed

to the following:

Terry Collingsworth, Esq.
Natacha Thys, Esq.
David Grunwald, Esq.
International Labor Rights Fund
733 15th Street, N.W., Suite 920
Washington, DC  20005
(202) 347-4100

Michael Hausfeld, Esq.
Agnieszka M. Fryszman, Esq.
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, N.W.
West Tower
Suite 500
Washington, DC  20005-3934
(202) 408-4600


                                        _Robert J. Meyer_ (signature)
                                        Martin J. Weinstein
                                        DC Bar No. 388746
                                        Robert J. Meyer
                                        DC Bar No. 405632

                                        WILLKIE FARR & GALLAGHER LLP
                                        1875 K Street, N.W.
                                        Washington, DC 20006
                                        tel: (202) 303-1000
                                        fax: (202) 303-2000