UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil Action No. 01-1357 (LFO) |
| v. ) | |
| ) | |
| EXXON MOBIL CORPORATION, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

**MEMORANDUM**

A December 21, 2005 Order referred discovery disputes in the above-captioned case to Magistrate Judge Kay. On March 6, 2006, after conferring with the parties, Magistrate Kay issued a Discovery Order. On March 16, 2006, plaintiffs filed a motion for clarification or reconsideration of Magistrate Kay's Order. This motion was directed to Magistrate Kay, but is properly before this Court.[1] On May 1, 2006, the parties argued the merits of the motion in court, and also responded to a proposed Discovery Order that modified Magistrate Kay's March 6, 2006 Order. The proposed Order contemplated limited discovery on personal jurisdiction over Exxon Mobil Oil Indonesia, and more general discovery as to the remaining defendants.

At oral argument, defendants stressed the need to tread carefully in light of the

---

[1] Local Civ. R. 72.2(b) provides: "Any party may request the [district] judge to reconsider a magistrate judge's ruling . . . by filing a motion to reconsider within 10 days after being served with the order of the magistrate judge, unless a different time is prescribed by the magistrate judge or the judge."

concerns of the U.S. State Department and the Indonesian government regarding discovery in this case. On July 29, 2002, the State Department maintained that it had concerns regarding the litigation, including the "nature, extent, and intrusiveness of discovery[.]" On July 15, 2005, the State Department responded to plaintiffs' proposed discovery plan by stating that it "triggers the concerns set forth in the State Department letter of July 2002, which remain valid today." The proposed Order avoided discovery in Indonesia, except that it required defendants to produce any documents they intend to use in their defense. In that light, the proposed Order does not implicate the concerns of the U.S. State Department or Indonesian government. Defense counsel acknowledged at oral argument that discovery limited to personal jurisdiction over EMOI and the non-EMOI defendants' knowledge of and participation in allegedly tortious conduct in Indonesia in the first phase was consistent with these two governments' objections. <u>See</u> Hearing Tr. (5/1/06), at 14-15 ("my understanding is that both the Indonesian government and the State Department are comfortable with what the court said in December 2005, which is discovery limited to personal jurisdiction limited to EMOI and the conduct, if any, by non-EMOI defendants which took place in the United States which may be a proximate cause of conduct which took place in Indonesia.").

On the other hand, plaintiffs at oral argument suggested that a new paragraph be added to the proposed Order which reads as follows:

> Ordered: That the fact that a document subject to discovery is located in Indonesia shall not by its geographical location alone relieve any party of

> producing that document subject to a reservation of any legitimate objection supporting the non-production of such a document. As to any claim advanced by any party for withholding such documents, the objecting party shall prepare a log as to any document located in Indonesia which is sought to be withheld. The log shall identify the author, the recipients of any copies of the document, its date, and a narrative description of its substance. After completion of document production from non-EMOI defendants, the parties may move for production of such materials in accordance with the Federal Rules of Procedure with the matter being referred in the first instance for resolution by the Magistrate.

Id. at 20. This proposed addition seems to endorse the two-phase method of discovery, although it also seeks to index and log the Indonesia documents now.

Such a step is not necessary at this time. To the extent plaintiffs are concerned about preserving the documents, defense counsel represented on the record that "all of the documents [in Indonesia] are preserved and protected just as we promised they would be many years ago. No documents have been moved, destroyed. Nothing has happened to that evidence." Id. at 17.[2] Moreover, this is not merely a matter of indexing the documents in Indonesia. Plaintiffs' proposal also contemplates a review and search of the documents to determine which documents are responsive. It makes more sense, however, for the sake of convenience, time, and expense, for the parties to first determine the issue of jurisdiction over EMOI and the knowledge and acts of the non-EMOI defendants.

Regarding the proper scope of discovery on the non-EMOI defendants, the parties

---

[2]Consistent with his representations at the hearing and pursuant to this Court's request, defense counsel has confirmed in writing that the potentially responsive documents are preserved in a secure location in Indonesia. See Letter from Robert J. Meyer to Judge Oberdorfer, May 3, 2006 (dkt no. 157).

disagree about whether "merits" discovery is appropriate.  Yet the parties acquiesce to discovery that sounds remarkably similar.  Compare id. at 14-15 (contemplating discovery regarding "the conduct, if any, by non-EMOI defendants which took place in the United States which may be a proximate cause of conduct which took place in Indonesia.") (counsel for defendants), with id. at 19 ("I hear counsel for Exxon defendants saying, [w]ell, it is appropriate for plaintiffs to discover of the non-EMOI defendants what they did, what they didn't do, and what they knew that merits discovery.  And that's what Your Honor provides for on page 1 of your order.") (counsel for plaintiffs).  Part of the confusion may lie in the fact that Magistrate Judge Kay's March 6, 2006 Memorandum describes a scope of discovery that is arguably narrowed by the Order that accompanied that Memorandum.

    An Order accompanying this Memorandum accordingly supplements the March 6, 2006 Order.

Dated: May 3, 2006

                                      /s/

                                Louis F. Oberdorfer
                                UNITED STATES DISTRICT JUDGE