UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, et al., | ) |
|      Plaintiffs, | ) |
| v. | ) Civil Action No. 01-1357 (LFO) |
| EXXON MOBIL CORPORATION, et al., | ) |
|      Defendants. | ) |

**MEMORANDUM OPINION**

On July 18, 2008, the court issued an order denying Defendant ExxonMobil Oil Indonesia's (EMOI's) motion to dismiss for lack of personal jurisdiction. That order also directed the parties to "file motions stating what portions, if any, of the accompanying memorandum should be unsealed and made available to the public." Plaintiffs moved to unseal the memorandum and opinion in its entirety. Defendants moved to unseal the memorandum and opinion with "certain limited redactions." Dkt. # 345, at 1. For the reasons stated herein, an Order filed on August 5, 2008 [dkt. # 361], ordered that the July 18, 2008 Memorandum and Opinion be unsealed in its entirety.

**A.     Legal Standards**

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to deny public access to judicial records must overcome a "'strong presumption in favor of public access.'" *EEOC v. Nat'l Children's Center*,

98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). That presumption is "especially strong" for judicial opinions. *Id.* While "[o]ther portions of the record – such as documents filed with the court or introduced into evidence – often have a private character, diluting their role as public business," a "court's decrees, its judgments, its orders, are the quintessential business of the public's institutions." *Id.*; *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 349 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.").

"[T]he decision as to access is one which rests in the sound discretion of the trial court." *In re Nat'l Broadcasting Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981). However, "[t]his discretion . . . is not open-ended." *Id.* It must "clearly be informed by this country's strong tradition of access to judicial proceedings." *Id.* (citation and internal quotations omitted). Thus, a district court may deny access to judicial records only if, "after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, [it] concludes that justice so requires." *Id.* (citations and internal quotations omitted). There are six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of

prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *EEOC v. Nat'l Children's Center*, 98 F.3d at 1409; *see also McConnell v. Federal Election Comm'n*, 251 F. Supp. 2d 919, 925, 931-32 (D.D.C. 2003).

**B.     Analysis**

Defendants ask the court to unseal the July 18, 2008 Memorandum and Opinion, but to redact those "portions containing information designated by defendants as confidential under the Protective Order." Dkt. # 345, at 1. However, approval of the Protective Order, which allows the parties to file certain documents under seal, does not mean that references to protected information and documents in a judicial opinion must be redacted. *See McConnell*, 251 F. Supp. 2d at 926-27. Rather, the court must apply the six-factor test set forth above and determine whether the strong presumption in favor of access has been overcome.

Defendants seek redactions of four types: (1) "[d]iscussions among Robert Haines, Ron Wilson, and others regarding security issues in Indonesia"; (2) "discussion of materials circulated at the April 2000 security conference"; (3) "[i]dentification of persons and entities not already in the public record; (4) and "EMOI's earnings." Considering the six factors set forth above, the court concludes that Defendants have not sustained their burden of demonstrating that justice requires denying access to any of the four categories of information.

(1) *Need for Public Access*

This factor weighs heavily against the proposed redactions because the public's right to access judicial opinions is very high and because Defendants' proposed redactions go to the heart of the analysis in the opinion.

(2) *Prior Public Access*

Although the public has not had access to the documents referenced in the opinion (due to the Protective Order), that does not bear on the issue of whether references to such documents in a judicial opinion should be redacted. *See McConnell*, 251 F. Supp. 2d at 926-27. Accordingly, this factor does not support redaction.

(3) *Identity of Objecting Party*

The objecting party here is a party to the litigation, not a third party, so this factor does not support redaction.

(4) *Strength of Property and Privacy Interests*

None of the proposed redactions concern "trade secrets, or the privacy and reputation of victims of crimes, . . . [or] risks to national security interests." *In re Nat'l Broadcasting Co.*, 653 F.3d at 613. Nor do they concern the specific risks the court considered in approving the Protective Order in the first instance: "Plaintiffs' purported fear of retribution via public disclosure of their names, the Government of Indonesia's concerns that public disclosures concerning its natural resources development and military operations will compromise its sovereignty, and Defendants' desire to maintain confidentiality over proprietary business information." *See* Def. Mot. at 2. In addition, all of the information is seven to ten years old.

(5) *Possibility of Prejudice*

There is little to no possibility of prejudice to Defendants from disclosing the information Defendants seek to redact.

(6) *Purpose of the Documents*

The information Defendants seek to shield from the public is critical to the analysis in the

opinion, thus this factor does not support redaction.

Considering all of the above factors, the court is persuaded that Defendants' proposed redactions are not justified.

Accordingly, and for the reasons stated above, an Order filed on August 5, 2008 [dkt. # 361] ordered the Clerk of the Court to unseal the July 18, 2008 Memorandum and Opinion [dkt. # 345].


Dated: August 11, 2008                                              Louis F. Oberdorfer
                                                                    UNITED STATES DISTRICT JUDGE