UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, *et al.*,<br><br>  Defendants. | Civil Case No. 01-1357 (RCL/AK) |
| JOHN DOE VIII, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, *et al.*,<br><br>  Defendants. | Civil Case No. 07-1022 (RCL/AK) |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO EXXON'S MOTION TO DISMISS**

Agnieszka M. Fryszman
DC Bar No. 459208
Thomas N. Saunders
Alysson Ford Ouoba
**Cohen Milstein Sellers &
Toll PLLC**
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

Terrence P. Collingsworth
D.C. Bar No. 471830
Christian Levesque
D.C. Bar No. 501778
**Conrad & Scherer LLP**
1156 15th Street, N.W.
Suite 502
Washington, D.C. 20005
Tel:  (202) 543-581
Fax:  (866) 803-1125

Paul L. Hoffman
Catherine Sweetser
**Schonbrun, DeSimone,
Seplow, Harris,
 Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA  90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Plaintiffs respectfully move for leave to submit a brief sur-reply in order to respond to an additional declaration submitted by Defendants with their Reply brief and to correct factual misstatements made by Exxon on Reply.  In response to Defendants' Reply declaration, Plaintiffs submit a supplemental declaration from Ross Clarke, a lawyer with expertise in access to justice issues in Indonesia, attached hereto as Ex. 2, and discussed below.  Because Plaintiffs are unable to contest these new matters otherwise, the motion to file this surreply should be granted.  *See U.S. ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 166–67 (D.D.C. 2007); *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) (Lamberth, J.) (permitting surreply to address declaration submitted on reply); *Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998) (Lamberth, J.) (same).  Plaintiffs' counsel conferred with opposing counsel as required under Local Rule 7(m).  Defendants' counsel oppose the filing of this surreply.

(1) Plaintiffs do not concede (and have not conceded) that "they cannot identify their alleged attackers." *See* Reply at 16, 25.  To the contrary, Plaintiffs can identify their attackers as ExxonMobil security personnel.  Several Plaintiffs identified their attackers by name in interrogatory answers.  *See, e.g.*, John Doe IV's Supp. Resp. to Interrog. No. 1 from ExxonMobil's First Set of Interrogs. (identifying attacker named "Ismardi"); John Doe V Supp. Resp. to Interrog. No. 1 from ExxonMobil's First Set of Interrogs. (identifying attackers named "Andreas Letda Danpos, Andre Serda, Boniman Pratu, and Bahrun Serda-Danru").  Other Plaintiffs, including, for example, Jane Doe I who was sexually assaulted, plainly saw her attacker up close.  *Doe I v. Exxon,* First Am. Compl. ¶ 74, Dkt. 129 (Feb. 16, 2006).  In other cases, there are eyewitnesses from the small rural community who recognized and can identify the attackers as individuals they knew to be ExxonMobil security personnel.  *See, e.g.*, John Doe VII Supp. Resp. to Interrog. No. 2 from ExxonMobil's First Set of Interrogs.; John Doe VI Supp.

1

Resp. to Interrog. No. 2 from ExxonMobil's First Set of Interrogs. Other Plaintiffs were attacked at Exxon security posts, were later visited by their attackers, and can recognize and identify their attackers as ExxonMobil security personnel. *E.g.*, *Doe VIII v. Exxon,* Compl. ¶ 63, Dkt. 4 (June 6, 2007). Contrary to Exxon's argument, Plaintiffs can identify their attackers and can further identify their attackers as ExxonMobil security personnel.

(2)     Exxon simultaneously argues that Plaintiffs have had "exhaustive" discovery, Reply at 9 (citing production of 112 boxes of documents), and that no merits discovery has taken place, *id.* at 24. Exxon cannot have it both ways. Plainly, sufficient merits discovery was had in *Doe I* for Plaintiffs to be able to defeat Exxon's motion for summary judgment on the merits. *See* Mem. & Op., *Doe I* Dkt. 365 (Aug. 27, 2008). Exxon produced documents in response to merits related requests. *See, e.g.*, Pls.' 1st Req. for Produc. of Docs. No. 8 (requesting "[a]ll documents related to any reports of alleged assault, battery, or other abusive conduct by any Security Personnel or in connection with any Security Services"); *id.* at No. 10 (requesting "[a]ll documents related to any plan, program, training or activity undertaken by any Defendant to investigate, monitor, or prevent physical assault or other abusive conduct by any Security Personnel"). In addition, Plaintiffs took seven depositions of current and former Exxon employees. Plaintiffs submitted over 440 exhibits (in English), including documents produced by Exxon and deposition transcripts (in English) demonstrating that (a) Exxon contracted for and paid the security personnel and (b) Plaintiffs had presented sufficient evidence of Defendant's control over their paid security personnel to proceed to a jury under a respondeat superior theory of liability. *See* Mem. & Op., *Doe I* Dkt. 365 at 1, 10.

(3)     Exxon asserts that "Plaintiffs do not dispute that all witnesses likely will reside in Indonesia, and that much, if not all, of the evidence will be in Bahasa." Reply at 23. Plaintiffs

2

certainly do dispute these points. Virtually all of the documents produced so far are in English, not Bahasa. That is likely true of the remaining discovery as well, much of which concerns Exxon's internal documents related to (a) Exxon's policies and procedures for its security personnel and/or (b) Exxon's conduct in the United States to satisfy the standard articulated in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013). Most of the witnesses are likely to be current and former ExxonMobil employees who reside in the United States, as is apparent from even a cursory glance at the parties' recent Rule 26 disclosures. Of the witnesses identified by name by Exxon, only two appear to be Indonesian. *See* Ex. 1.

(4)   In an additional declaration, his third, submitted on reply, Exxon's counsel and purported expert Frans Hendra Winarta provides three examples of cases litigated in Indonesian courts where the defendant was also a police officer or member of the military. In response, Plaintiffs submit a supplemental declaration from Ross Clarke, a lawyer with expertise in transitional justice, access to justice, and human rights initiatives in Indonesia, attached hereto as Ex. 2. Mr. Clarke reaffirms the declaration he submitted in this case in 2007, confirming that there are still no effective and non-futile remedies available to the Plaintiffs in this case. Clarke Supp. Decl. at ¶¶ 4–8. As Mr. Clarke observes, the cases cited by Mr. Winarta are not en par with the pattern of human rights abuses alleged by Plaintiffs in this action. *Id.* ¶ 3. Two of the cases concern title disputes over property, one regarding an open air cinema. The other concerns a shooting. None of the cases concern a pattern of human rights abuses as alleged in this case. Nor were any of the cases adjudicated in Aceh's courts. Defendants' failure to identify *any* case similar to this one highlights the lack of effective and non-futile remedies available to Plaintiffs in Indonesia. *See* Clarke Supp. Decl. ¶ 3 ("[T]here are significant barriers to human rights trials in Aceh and that no effective trials related to serious human rights violations in Aceh appear likely").

3

Specifically, Mr. Clarke observes that the tribunals Defendants claim could hear these actions have failed to materialize, have not heard any cases, or lack jurisdiction over the corporate defendants in this action. *Id.* ¶ 4. Mr. Clarke also points to widespread and respected authority, including the United Nations' Human Rights Council and Amnesty International, that confirms that Indonesian courts are unable to address human rights abuses by members of Indonesian military forces or those that employ them, *id.* ¶ 6, including because of widespread corruption, a lack of transparency, government obstruction into human rights investigations, and frequent threats of violence, *id.* ¶¶ 5–7. As Mr. Clarke concludes, "[t]here can be little confidence that the Plaintiffs in this case would, as a practical matter, be able to seek effective redress through the Indonesian legal system."

(5)  On page one of the Reply, Exxon truncates and takes out of context a statement by counsel Terry Collingsworth to make it appear that Plaintiffs believe the Defendants have "nothing to do" with the harm suffered by Plaintiffs.  Reply at 1.  Exxon neglected to supply the Court with a copy of the May 16, 2006 transcript in which the full statement appears; the relevant portion is attached hereto as Ex. 3.   As is evident from the transcript, Mr. Collingsworth was discussing whether the individuals identified as having personal knowledge about whether personal jurisdiction existed over EMOI should be permitted to obtain the names of the victims.  Ex. 3 at 34:13–35:2, 45:10–23.  Due to the threat of retaliation, this Court entered a protective order limiting the disclosure of the victim's names. Mem. & Order, *Doe I* Dkt. 162 (May 26, 2006). Mr. Collingsworth explained that the personal jurisdiction witnesses should not be permitted to obtain the victim's names, because Plaintiffs have not alleged that those witnesses had anything to do with the conduct of the security personnel and further described one theory of liability.  Ex. 3 at 34:13–35:2, 45:10–23.

February 18, 2014                          Respectfully submitted,

/s/Agnieszka M. Fryszman
Agnieszka M. Fryszman
DC Bar No. 459208
Thomas N. Saunders
Alysson Ford Ouoba
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Terrence P. Collingsworth
D.C. Bar No. 471830
Christian Levesque
D.C. Bar No. 501778
**Conrad & Scherer LLP**
1156 15th Street, N.W.
Suite 502
Washington, D.C.  20005
Tel:  (202) 543-5811
Fax:  (866) 803-1125

Paul L. Hoffman
Catherine Sweetser
**Schonbrun, DeSimone, Seplow, Harris,
 Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA  90291
Tel: (310) 396-0731
Fax: (310) 399-7040

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, Plaintiffs' counsel met and conferred with acting counsel for the Exxon Defendants, who indicated that they oppose the filing of this motion.

/s/Agnieszka M. Fryszman
Agnieszka Fryszman
D.C. Bar No. 459208
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail: afryszman@cohenmilstein.com