UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I *et al.*,<br>Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION *et al.*,<br>Defendants. | Civil No. 01-cv-1357-RCL |

## MEMORANDUM OPINION

Pursuant to an agreement with the Indonesian government, Exxon Mobil Corporation (EMC), a United States corporation, and several of its wholly owned subsidiaries, including Exxon Mobil Oil Indonesia Inc. (EMOI), operated a large natural gas extraction and processing facility in the Aceh Province of Indonesia. Plaintiffs are Indonesian citizens who claim Exxon's security forces engaged in extrajudicial killing; torture; cruel, inhuman, and degrading treatment; and arbitrary detention in violation of the Alien Tort Statute (ATS) and committed various common law torts. Now before the Court are EMOI's motion for the Court to reconsider its prior ruling on personal jurisdiction and EMC and EMOI's motion to dismiss for lack of personal jurisdiction. Def.'s Mot. for Recons. & Mot. to Dismiss, ECF No. 633 [hereinafter ECF No. 633]. For the reasons set forth below, the Court will deny EMOI's motion for the Court to reconsider its prior personal jurisdiction ruling and will deny EMC and EMOI's motion to dismiss for lack of personal jurisdiction.

1

## I. Background

The Court gave a detailed discussion of the factual background in its opinion dismissing plaintiffs' ATS claims against Exxon also issued on this date. This section only recites the facts and procedural history relevant to personal jurisdiction.

EMOI moved to dismiss for lack of personal jurisdiction in its initial response to the complaint in October 2001. *See* Defs.' Mot. to Dismiss, ECF No. 13. This Court denied the motion without prejudice in 2005. Mem. Op., ECF No. 103. Following jurisdictional discovery, EMOI again moved to dismiss for lack of personal jurisdiction in January 2008. *See* Defs.' Mot. to Dismiss, ECF No. 268. This Court denied the motion in July 2008. Mem. Op., ECF No. 340 [hereinafter ECF No. 340]. EMC has never challenged personal jurisdiction.

In 2008, Judge Oberdorfer, who initially presided over this case, found plaintiffs had established this Court had personal jurisdiction over EMOI. *Id.* The Court determined specific jurisdiction existed based on D.C.'s long-arm statute. D.C.'s long-arm statute states a D.C. court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim of relief arising from the person's-- (1) transacting any business in the District of Columbia" or other specified contacts with D.C. D.C. Code § 13-423(a) (2012). Based on the D.C. Court of Appeal's interpretation of D.C.'s long-arm statute, the Court found the statute conferred jurisdiction if the suit sufficiently related to the defendant's contacts with D.C. ECF No. 340.

The Court concluded the suit related to EMOI's contacts with D.C. EMOI had significant contact with Robert Haines, Exxon's Manager of International Government Affairs, in D.C. focused on EMOI's security policies and practices in Indonesia, which

relate to plaintiffs' claims. *Id.* Further, a number of EMOI personnel attended Exxon's "Worldwide Security Conference" in D.C. *Id.* This conference included a management meeting on the "Asia/Pacific" region and provided training on security related issues, including on standards and training for security guards and using host government security. *Id.* The Court believed EMOI employed certain elements of the training provided at the security conference. *Id.* This led the Court to conclude it had personal jurisdiction over EMOI. *Id.*

In July 2018, EMC and EMOI brought the present motions to reconsider the Court's prior ruling and to dismiss for lack of personal jurisdiction based on the Supreme Court's 2017 decision in *Bristol-Myers Squibb*. EMC and EMOI argue *Bristol-Myers Squibb* "significantly tightened and clarified the limits imposed by the Due Process Clause on a state's assertion of personal jurisdiction over out-of-state defendants." ECF No. 633. Thus, EMC and EMOI allege this Court has no basis under D.C.'s long-arm statute to assert specific jurisdiction.

## II. Discussion

### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) directs a court to dismiss an action when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The Supreme Court has recognized two types of personal jurisdiction: general (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the

corporation is fairly regarded as at home." *Id.* at 924. A court with general jurisdiction over a defendant "may hear *any* claim against that defendant, even if all the incidents occurred in a different State." *Id.* at 919. On the other hand, specific jurisdiction requires the suit to "aris[e] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Therefore, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 564 U.S. at 919.

A personal jurisdiction defense is waived if it is not asserted. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). Once waived, this defense cannot be reclaimed by a defendant or restored by the court. *E.g.*, *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) (once the defendant has waived objections and submitted to the jurisdiction of the court, "the court is powerless to dismiss the suit for lack of personal jurisdiction"); *Kabbani v. Int'l Total Servs.*, Civ. No. 91-0391, 1991 WL 251863, at *1 (D.D.C. Nov. 12, 1991). An exception to this waiver rule is where the defense was unavailable, as EMC argues here. *See* Fed. R. Civ. P. 12(g).

    B.    *Bristol-Myers Squibb*

EMC and EMOI contend the Supreme Court's 2017 decision in *Bristol-Myers Squibb* requires dismissal of this action. In *Bristol-Myers Squibb*, hundreds of non-California residents joined with California residents to sue Bristol-Myers Squibb Co.

(BMS), a global pharmaceutical company incorporated in Delaware and headquartered in New York, and another defendant in California state court for injuries allegedly associated with the BMS prescription drug Plavix. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1777 (2017). Each plaintiff alleged serious side effects from their Plavix use, alleged BMS misrepresented the drug's safety and efficacy, and asserted numerous California product liability causes of action against BMS. *Id.* at 1778.

Although BMS had extensive contacts with California—it had multiple offices and 250 sales representatives in the state—the nonresidents' claims only related to California in that the marketing and promotion of Plavix was conducted on a nationwide basis. *Id.* at 1778–83. In other words, the same advertising and distribution arrangements that reached the out-of-state plaintiffs also reached the in-state plaintiffs. *Id.* The California Supreme Court held that because BMS had such substantial contacts with California, it was appropriate for the California courts to exercise specific jurisdiction over the nonresidents' claims against BMS even though the relation between the claims of the nonresidents and the activities of BMS in California was elusive. *Id.* at 1778–79. The U.S. Supreme Court reversed. *Id.* at 1784.

The Supreme Court reiterated its precedent made clear that "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Id.* at 1780 (quoting *Goodyear*, 564 U.S. at 919). Specific jurisdiction does not exist if there is not a connection between the forum and the activity giving rise to the suit, regardless of the extent of a defendant's unconnected activities in

the forum state. *Id.* (citing *Goodyear*, 564 U.S. at 919). The Court thus found the California Supreme Court's "sliding scale approach" to be difficult to square with precedents, as it "resemble[d] a loose and spurious form of general jurisdiction." *Id.* at 1781. "The nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.*

    C.    <u>The Court will not reconsider its prior personal jurisdiction ruling as to EMOI and EMC has waived any personal jurisdiction defense, as *Bristol-Myers Squibb* was not an intervening change in controlling law</u>

        1.    *The Court will not reconsider its personal jurisdiction decision regarding EMOI*

EMOI moved for reconsideration of this Court's prior personal jurisdiction opinion under Federal Rule of Civil Procedure 54(b). Under Rule 54(b), a Court may reconsider past non-final, or interlocutory, orders. The rule provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The judicial interest in finality disfavors reconsideration, but a Court may do so "as justice requires." *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30 (D.D.C. 2013); *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). Although this standard is flexible and allows a district court to exercise broad discretion, there must be some good reason to reconsider an issue already litigated by the parties and decided by the court, such as new information, a misunderstanding, or a clear error. *See Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005); *All. of Artists & Recording Cos. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 415–16 (D.D.C. 2016).

Reconsideration is appropriate when the movant demonstrates there is an intervening change in law, which is what EMOI alleges here. *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 80 (D.D.C. 2015). However, *Bristol-Myers Squibb* was not an intervening change in controlling law. The Court will therefore not reconsider its prior personal jurisdiction ruling.

The Supreme Court in *Bristol-Myers Squibb* made clear "[o]ur settled principles regarding specific jurisdiction control this case" and stated the holding resulted from the "straightforward application . . . of settled principles of personal jurisdiction." *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1781, 1783. *Bristol-Myers Squibb* did not create a new personal jurisdiction defense. Further, this Court's prior opinion did not employ a "sliding scale approach" to personal jurisdiction and did not rest its decision on the theory the nonresident plaintiffs had the same or similar alleged injuries to resident plaintiffs, as the California court did in *Bristol-Myers Squibb*. This Court's previous opinion determined EMOI's contacts with D.C. were related to plaintiffs claims and concerned the security policies and practices in Indonesia at issue in this case. Accordingly, *Bristol-Myers Squibb* did not alter the proper framework for analyzing personal jurisdiction in cases like this one.

EMOI also points to cases in this district that have concluded the "discernable relationship" test is not the appropriate test for examining whether the connection between a defendant's in-forum contacts and plaintiffs' claims satisfies the due process limits on specific jurisdiction. *See* ECF No. 633. But these cases do not base their holdings on *Bristol-Myers Squibb*. In fact, one of the cases relied on by EMOI, *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15 (D.D.C. 2017), was decided before the Supreme Court issued its opinion in *Bristol-Myers Squibb*, and another, *Cockrum v. Donald J. Trump for*

*President, Inc.*, 319 F. Supp. 3d 158 (D.D.C. 2018), readily acknowledged "[n]either the Supreme Court nor the D.C. Circuit has decided the contours—for purposes of satisfying the due process limits on specific jurisdiction—of the causal connection between a defendant's in-forum contacts and plaintiffs' claims." *Id.* at 176. Thus, the opinions of the other courts in this district have made clear *Bristol-Myers Squibb* did not compel them to reject the "discernable relationship" test. And these opinions demonstrate there is no authority that mandates this Court reject the "discernable relationship" test—the opinions that have come to this conclusion are only persuasive authority. EMOI has therefore failed to demonstrate there has been an intervening change in law that justifies this Court reconsidering its prior opinion "in light of the need for finality in judicial decision-making." *In re Vitams Antitrust Litig.*, No. Misc. 99-19, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000).

2. *EMC has waived any personal jurisdiction defense*

EMC is not permitted to raise its personal jurisdiction defense for the first time more than 17 years after this case first began. EMC filed Answers in 2006 and 2015 without raising a personal jurisdiction defense. Defs.' Answer & Defenses to the First Am. Compl., ECF No. 153; Defs.' Answer & Defenses to the Second Am. Compl., ECF No. 530. EMC not only moved for summary judgment without raising a personal jurisdiction but also filed an appeal and a cross appeal without raising personal jurisdiction. *See generally* ECF Nos. 413, 415. Thus, EMC waived any objection it may have had to personal jurisdiction. *E.g.*, *Ins. Corp. of Ir.*, 456 U.S. at 704 (defense of lack of personal jurisdiction is waived if not timely raised in answer or responsive pleading); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988). For the reasons explained in part II(C)(1), *Bristol-Myers Squibb*

was not an intervening change in controlling law that made any personal jurisdiction defense newly available to EMC. Accordingly, the Court will reject EMC's attempt to revive its waived personal jurisdiction defense.

**III.    Conclusion**

The Supreme Court applied settled principles of personal jurisdiction in deciding *Bristol-Myers Squibb*. *Bristol-Myers Squibb* did not alter the proper framework for analyzing personal jurisdiction in cases like the one at hand. Therefore, the Court will not reconsider its prior personal jurisdiction ruling as to EMOI, as *Bristol-Myers Squibb* was not an intervening change in controlling law. Also, the Court will reject EMC's attempt to revive its waived personal jurisdiction defense. Accordingly, the Court will **DENY** EMOI's motion for reconsideration of the Court's prior personal jurisdiction ruling and **DENY** EMC and EMOI's motion to dismiss for lack of personal jurisdiction. A separate order will follow.

SIGNED this 3rd day of June, 2019.

Royce C. Lamberth
United States District Judge