**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOHN DOE I**, et al.,

    *Plaintiffs,*

v.

**EXXON MOBIL CORPORATION**, et al.,

    *Defendants.*

Case No. 1:01-cv-1357-RCL

## ORDER

Before the Court is the plaintiffs' motion [745] to extend the discovery schedule, enter a deposition protocol, and issue a protective order vacating deposition notices. Upon consideration of the motion and the parties' briefs the Court **GRANTS** the motion as further detailed herein.

### I.  DISCOVERY SCHEDULE AND PROTECTIVE ORDER

The Court may modify a discovery schedule only for good cause. *See* Fed. R. Civ. P. 16(b)(4). To demonstrate good cause, a party must show that it has diligently worked to comply with the existing deadlines. *See also* 6A Wright & Miller, Federal Practice and Procedure Civil § 1522.2 (3d ed., Apr. 2020 update) (collecting cases).

The Court finds good cause to extend the discovery schedule.

First, the plaintiffs' translator is available only two days each week, and the plaintiffs must have a translator present to be able to communicate with their attorneys during their deposition. The translator's limited availability constitutes good cause to extend the schedule, especially because the defendants have prevented the plaintiffs from using the first translator they designated.

Second, the plaintiffs have worked to comply with the existing deadlines. Contrary to the defendants' representations, the plaintiffs identified potential third-party witnesses at least as early as August 19, 2019. *Compare* Defs.' Opp'n to Pls.' Mot. for Extension 7, n.2 ("Plaintiffs could,

1

and should, have identified and noticed their witnesses earlier, rather than waiting until September 10 to do so."), ECF No. 747, *with* Pls.' Mem. in Supp. of Mot. for Leave to Take Remote Deps. 16 n.7 ("On August 30, 2019, Plaintiffs provided a chart to Defendants with additional information about the potential third-party witnesses."), ECF No. 711. Whatever other delays and gamesmanship the parties have engaged in, the defendants long knew about the plaintiffs' proposed third-party witnesses. Despite the plaintiffs' diligence, there is insufficient time to depose those witnesses. Accordingly, the plaintiffs have demonstrated good cause to extend the discovery deadlines to allow them to complete these long-contemplated depositions.

The Court has broad discretion in setting discovery deadlines. Because the Court believes that the defendants' opposition misled the Court as to when the plaintiffs' identified their third-party witnesses, the Court will exercise its discretion to grant the plaintiffs all the time they seek to conclude discovery of *both* party and third-party witnesses.

Therefore, the Court **EXTENDS** fact discovery to February 19, 2021. All other deadlines in the operative scheduling order, ECF No. 685, shall remain effective as the close of fact discovery triggers those deadlines.

The Court **VACATES** any notices of deposition the defendants have issued other than those issued for the following depositions: September 28 (Jane Doe 6); September 30 (Jane Doe 2); October 2 (Jane Doe 8); October 7 (Jane Doe 7). The Court **ORDERS** the parties to negotiate reasonable and mutually-agreeable dates for depositions of all other party and third-party witnesses.

## II. DEPOSITION PROTOCOL

The parties largely agree on how to conduct a deposition remotely in the midst of a pandemic. They disagree on whether a translator should be allowed to be physically present with the witnesses during a deposition. The defendants argue that a translator should be present to

ensure compliance with the deposition protocol; they fear that without a third-party present, the witnesses may be coached. The plaintiffs argue that permitting translators to be present would increase the risk of COVID-19 transmission and point to other safeguards in the deposition protocol to prevent witness coaching.

The Court will not permit any extraneous persons to be physically present for depositions. The plaintiff's proposed protocol appropriately accounts for both fairness and safety. Sustained indoor contact, whether masked and socially distanced or not, likely increases the risk of transmitting the novel coronavirus. The Court cannot countenance that increased risk, especially when the protocol allows for sufficient video coverage to see all activities in the deponent's room.

The Court further notes that its entry of the deposition protocol binds all parties and their counsel. If a party or attorney violates the protocol — or any other order of the Court — and improperly allows a witness to be coached, the Court may respond with sanctions — up to an including dismissal of the action — and contempt proceedings. Given those authorities, the Court is confident that the parties and their counsel will abide by the protocol.

The Court **ORDERS** that the deposition protocol appended to this Order shall govern all remote depositions in this action.

**IT IS SO ORDERED.**

Date: September 24, 2020

Royce C. Lamberth
United States District Judge

## DEPOSITION PROTOCOL

1.     **Authorization for Remote Depositions.** This deposition protocol shall govern depositions in this case conducted pursuant to the Court's August 10, 2020 Order, Dkt. No. 720. The protocol is not intended to waive or alter the rights of any party other than as expressly set forth below.

This protocol may be amended by agreement of the parties or with leave of Court.

2.     **Oath.** The parties waive the right to have the oath administered to the witness in person and will not object to the validity of the oath on the basis that the oath was not administered in person. The parties have agreed on the language of the oath for witnesses located in Indonesia and waive objections to the deposition based on the oath: "I affirm under God / Allah and under penalty of perjury of the laws of the United States and Indonesia that I will tell the truth and nothing but the truth." The parties reserve all other objections relating to the deposition.

3.     **Applicable Rules.** The parties shall abide by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia during the depositions as if the depositions are being taken in the United States.

4.     **Videoconferencing.** Pursuant to Fed. R. Civ. Pro. 30(b)(3) and (b)(4) and the Court's August 10, 2020 Order, Dkt. No. 720, all depositions shall be taken via videoconference by a court reporting service (the "Service Provider") and may be recorded by any reliable audio or audiovisual means at the election of the noticing party, unless the opposing party elects to video record the deposition at their own cost. If the party noticing a deposition elects not to record the deposition by video, it shall so state in the notice and the opposing party can arrange for the court reporting service to videorecord the deposition at that party's expense. No other person attending the deposition (either remotely or in person) shall record the deposition by any video or audio means and shall so attest on the record at the conclusion of the deposition.

This does not dispense with the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote video-conference used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants. Witnesses shall be sworn in by the court reporter remotely.

5.     **Technical Support.** An employee of the Service Provider (or, if that is not feasible, a technical person agreed to by the parties or approved by the Court) may attend each remote deposition, as needed, to troubleshoot technological issues that may arise, administer the virtual breakout rooms and perform other tasks as needed.

6.     **Location.** Remote depositions of Plaintiffs shall be conducted at hotels or other reasonable locations in Banda Aceh or Lhokseumawe, Indonesia, as requested by the witness in

accommodation of their location and any covid-related concerns. Remote depositions of third party witnesses will be conducted at reasonable locations with adequate technical support, with due consideration for avoiding undue burden (including undue covid-risk) or expense on a third-party witness.

       7.     **In-Person and Remote Attendance.** Unless otherwise agreed to by the parties, the following persons may attend the deposition in person: (a) the witness; and (b) a technical support person affiliated with the Service Provider (or, if that is not feasible, a technical person agreed to by the parties or approved by the Court), as necessary, and as long as the technical person wears a mask and is in compliance with the Protective Order entered by the Court. A translator may only attend a deposition with agreement of the parties or authorization by the Court.

Unless otherwise agreed to by the parties, the following persons may attend the depositions remotely: (a) counsel of record for either party; (b) a court reporter; (c) a videographer); (d) the parties' translators; (e) the parties to this litigation (the plaintiffs and a representative of the Defendants); and (f) the parties' litigation support teams (other than the Aceh team) and employees as necessary to provide litigation support, as long as each of these individuals' attendance is otherwise in compliance with this protocol and with the Protective Order entered by the Court. No one other than the persons listed above may attend or watch a livestream of the deposition unless they are able to show good cause to do so. All parties who attend a deposition or view the livestream, either in person or remotely, must identify themselves for the record.

Consistent with recommendations from the Service Provider, a paralegal or other employee from the law firm of counsel for the witness may assist the witness be remotely navigating the deposition technology.

Nothing herein shall prevent any person from subsequently reviewing a video of a deposition to the extent permitted by the Protective Order. To the extent that either party seeks to exclude any of the above individuals from attending the deposition, that party shall seek leave of Court.

       8.     **Video Displays.** Each party reserves the right to request the videographer display (or, if the deposition is being recorded by video, record) the video from a sufficient number of camera angles, if practicable, to safeguard the integrity of the deposition, and to ensure that all activities occurring in the room are visible to all remote participants, including the Court, if necessary. A party requesting that the deposition be video recorded or displayed from multiple angles shall share equally the additional cost incurred by such additional recordings.

Nothing herein shall preclude either party from seeking to offer in evidence only the video recording of the testifying witness, and to object to the offering of any other recordings made of the depositions per this paragraph. Similarly, nothing herein shall preclude either party from either offering in evidence or objecting to any recordings made during remote depositions if there is a valid basis for doing so.

9. **Litigation Support.** Pursuant to the Court's March 27, 2020 Order, "neither plaintiffs' currently assigned interpreter nor any member of Plaintiffs' Aceh Team may attend or participate as an interpreter in any depositions of Plaintiffs or their witnesses in this matter." For the avoidance of doubt, the "Aceh Team" refers to the four individuals described as members of Plaintiffs' "Aceh Team" in DOE 006004.

The members of Plaintiffs' Aceh Team (as well as Defendants' representatives other than through Defendants' questioning on the record) also shall not communicate directly or indirectly with any Plaintiff once that Plaintiff's deposition has commenced, or coach or influence the testimony of that Plaintiff in any way, until that Plaintiff's deposition has concluded.

Except as set forth herein and in the Court's Order of March 27, 2020, nothing in this protocol shall impose any restriction on Plaintiffs' or Defendants' appropriate use of the Aceh team or other litigation support personnel in Aceh.

10. **Translators.** In accordance with the March 27, 2020 Order, no member of Plaintiffs' Aceh Team will serve as the deposition translator or "check" translator at a deposition. In accordance with the March 27, 2020 Order, no member of Plaintiffs' Aceh Team will serve as the deposition translator or "check" translator at a deposition. Any translator attending or participating in the depositions of any Plaintiff or witness under this protocol, including a witness's "check translator," must have been hired only to assist with translating services in preparation for taking these depositions. No translator shall be permitted to attend or participate in a deposition under this protocol if that translator has been engaged to provide any other services to either party in connection with this litigation. Each side shall disclose the identity of its translator reasonably in advance of that translator's participation in any deposition, so that the opposing side will have a reasonable opportunity to raise any objection with opposing counsel and/or the Court. The identity of any translator shall be disclosed on an attorney's-eyes-only basis.

Communications with translators involved in these depositions are privileged and not discoverable only to the extent the translator is translating privileged communications between counsel and a client. All other communications with translators are not protected by any privilege and are subject to discovery.

Each translator attending or participating in a deposition shall take an oath on the record to faithfully translate the proceedings on the record and shall affirm that they have not been retained by either party for any other purposes. During the course of the deposition if a check translator disagrees with the official translator, the check translator will wait for the official translator to complete the translation before commenting. The check translator may then state how the check translator would have translated the passage at issue, so that the record is clear as to any competing translations.

11. **Video Image of Witness.** All deponents and counsel participating in the deposition shall utilize either a computer with a video camera, a phone with a video camera, or a standalone video device and shall keep their cameras on during all times the deposition is on the

record. The camera trained on the witness shall show the witness's face and upper body at all times the deposition is on the record.

12.     **Consulting with the Witness; Breakout Rooms.** While the deposition is on the record, the witness will not communicate with anyone but the examining attorney, the court reporter, translators, any technical support personnel, and the witness's counsel. There will be no communications by any counsel, or by anyone working with or for counsel, with the witness while the deposition is on the record by text, chat or any other means. Nothing herein precludes a witness from consulting with his or her counsel as permitted by the Federal Rules and applicable law: (a) while the deposition is on the record as long as the fact of such consultation (but not the content of any privileged discussion) is noted on the record and is per mitted by the Federal Rules and applicable law; or (b) during breaks while the deposition is off the record.

At the request of any counsel, an electronic breakout room ,(or two rooms if rooms are requested by both sides) which simulates a live breakout room through videoconference, shall be established by the Service Provider for the deposition.

Conversations in the breakout rooms are privileged and shall not be recorded. Each counsel requesting the breakout room shall coordinate with the Service Provider to ensure that the breakout room conversations are not recorded. The parties shall share the additional expense, if any, of the electronic breakout rooms.

13.     **Exhibits.** Questioning counsel may, at their election, use sealed, pre-marked, hard copy paper exhibits for some or all of the official exhibits (i.e., in addition to any exhibits that will be displayed electronically). Such hard copy exhibits shall be mailed such that they are received by an attorney identified by the party for the other side and the deponent at least two days before the deposition (with tracking information available upon request). These materials shall remain sealed and unopened until the deposition begins, and the witness is instructed on the record to open a sealed hard copy exhibit (at which time others in possession of sealed exhibit folders or envelopes may open that sealed exhibit as well). Deposing counsel may ask the witness and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. At the conclusion of a deposition, any unused exhibits will remain sealed and be returned, unopened, to the counsel who provided those exhibits with a self-addressed return envelope or package. All counsel electing to use hard copy exhibits will attempt in good faith to include in their hard copy set all of the exhibits on which they plan to question the witness other than exhibits that will be displayed electronically; however, nothing in this paragraph is intended to prevent, nor in fact prevents, counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously mailed in hard copy, including by electronic means. Regardless of whether questioning counsel elects to use hard copy documents as set forth in this paragraph, all exhibits utilized during a deposition shall be made available or visible to all counsel and participants in the deposition at the time they are introduced.

14.     **Attorney Conduct.** All participants not questioning the witness should be on mute except to make an objection or confer with their client as permitted by the Federal Rules. All counsel affirm that they are aware of the applicable professional responsibility rules and the

requirements of the Federal Rules of Civil Procedure and Local Rules on their conduct during depositions. All counsel will participate in the deposition in a manner that is collegial. In order to facilitate remote transcription, Counsel will endeavor not to interrupt each other or the witness and will endeavor to allow a moment between the conclusion of one person speaking and another person speaking. As both sides anticipate multiple depositions going forward overseas, and recognize the difficulties presented by the COVID-19 pandemic, both sides are expected to act cooperatively, flexibly and reasonably with the goal of facilitating the completion of depositions in a manner that is timely and fair to all parties and the witness.

15.     **Images Seen by Witness (and Other Participants).** If technologically feasible, and unless the parties agree otherwise, the video-feed of the deposition visible to the witness shall be limited to the image of the attorney taking the deposition, the image of counsel representing the witness (and/or counsel for the side opposing the side of the attorney taking the deposition), the image of the translators and other persons agreed to by counsel (consent to which shall not be unreasonably withheld), and the image of exhibits, if any, displayed to the witness. The image of the witness shall also be visible to all other participants in the deposition.

16.     **Records Available to Witness.** While the deposition is on the record, the witness shall not have access to any form of information related to the litigation other than exhibits specifically marked and identified for the record by either side, including but not limited to the internet, phones or other devices or materials that contain any notes, files or documents that relate to the subject matter of the litigation. For the avoidance of doubt, this paragraph is not intended to apply to breaks when the deposition is off the record.

17.     **If a Participant Drops Off Inadvertently.** If any attorney, translator, or court reporter attending a remote deposition drops off the deposition because of technical issues, he/she shall immediately notify the other participating attorneys. The deposition shall then be paused to provide an opportunity for that person to promptly rejoin the deposition. The suspended time for any technical issue, including time spent waiting for counsel, the court reporter, translator, or witness to rejoin the deposition, if necessary, will not count against the applicable time limitations for depositions. The court reporter will provide a telephone number for use by the attendees to inform the court reporter if an attorney or translator becomes disconnected or is otherwise experiencing technical difficulties. Any portion of the deposition that has been transcribed while counsel or the translator is absent or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty and counsel must be given an opportunity to object to any questions or answers that occurred during the disconnection.

18.     **Start Time and Continuation of Deposition.** All depositions of Plaintiffs shall commence at or about 7:00 a.m. in the location where the witness is located if practicable for the witness and technical personnel, unless otherwise agreed to by counsel or authorized by the Court. The parties shall use their best efforts to complete each deposition in one business day.

Depositions of third party witnesses in Indonesia shall be commenced at 9:00 a.m. Indonesia time, unless a different time is necessitated by the witness's schedule or is otherwise

agreed to be counsel or authorized by the Court. Depositions of witnesses located in the United States shall commence at 9:00 a.m. where the witness is located.

19. **Copies of Exhibits.** It shall be the obligation of any questioning counsel who uses a document with a witness to provide an electronic or paper copy (the format to be determined at the election of questioning counsel) of that exhibit to the court reporter and opposing counsel no later than two business days after the deposition's conclusion.

20. **Disputes.** If issues arise that cannot be resolved by counsel during the deposition (other than technical issues that simply necessitate rescheduling), counsel shall present those issues to the Court within five business days of the dispute, and the opposing party shall submit a response within the next five business days. Any such submission shall not exceed 5 pages.