PUBLIC REDACTED COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, | ) |
| | ) |
| Plaintiffs, | )  Civil Action No. 01-1357 (RCL/AK) |
| | ) |
| v. | ) |
| | ) |
| EXXON MOBIL CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION REQUESTING RELIEF
REGARDING EMOI AND EMC RULE 30(b)(6) DEPOSITIONS**

In accordance with this Court's Order of October 14, 2020, Dkt. 758, Plaintiffs have noticed the Rule 30(b)(6) depositions of EMOI and EMC. Plaintiffs have indicated we are prepared to proceed with the EMOI Rule 30(b)(6) deposition on any date between January 11 and January 31, 2020. Consistent with their longstanding opposition to these depositions, Defendants have now said they will not make either of these witnesses available before the final week of discovery (February 15-19), at which time Defendants indicate the witnesses will then be made available in Singapore (as a result, each deposition will commence at 7 p.m. Eastern time in the United States). Exxon has declined repeated requests to identify either witness.

Plaintiffs file this motion seeking limited relief. Plaintiffs respectfully request that Defendants be directed to produce the EMOI Rule 30(b)(6) witness at *any* date convenient for Defendants between January 11-31, 2020, and the EMC witness at *any* convenient date one week or later after the EMOI witness is deposed. Pursuant to this Court's Order, these depositions were noticed on October 26, and this affords ample time (as much as three months) for Defendants to prepare their witnesses. It also avoids the problems and litigation delays likely to arise if Defendants delay these depositions until the final week of discovery. Plaintiffs conferred

with Defendants several times before filing this motion, and the parties communicated in writing,[1] but Defendants have made clear they are unwilling to make either of their Rule 30(b)(6) witnesses available prior to the final week of fact discovery.

In support of this motion, the Court should be advised of the following:

1.     The Court's August 10, 2020 and October 14, 2020 Orders authorized Plaintiffs to proceed with these Rule 30(b)(6) motions and set forth the terms for doing so. Dkt. 719 at 5-6; Dkt. 758. In accordance with those Orders, Plaintiffs conferred with Defendants on October 22 and again on October 26, and served notices of the depositions later on October 26. The notices are appended hereto as Exhibit A & B.

2.     Defendants served written objections to the notices on October 30, 2020. Exhibits C & D. Plaintiffs responded in writing on November 2 (Exh. H) and again conferred with Exxon on November 6. Based on the parties' communications, Plaintiffs agreed to limit the time period covered by the depositions, in addition to other limitations Plaintiffs had already set forth regarding the depositions. These limitations are described in footnote 2 below.[2] When the

---

[1] *See* Exhibits E-N.

[2] Plaintiffs have endeavored to be very mindful to the Court's instructions about achieving an appropriate balance and, accordingly, narrowed the original requests and made the depositions subject to a number of limitations. These are set forth in the EMOI notice (the EMC notice includes similar limitations):

- Except with respect to two topics (the vital projects designation and the specific events involving the plaintiffs) "the deposition shall be limited to information known or reasonably available to the organization between July 1, 1998 and December 31, 2002." Exh. A. After conferring with Defendants, Plaintiffs agreed to narrow this further to an end date of June 30, 2001 (with limited exceptions set forth in Exhibit A).

- Except with respect to the vital projects designation, "the Matters on which Examination is Requested … are further limited to: (a) EMOI's communications to, from, copied (or otherwise with) officials, employees, contractors or agents of Defendant Exxon Mobil Corporation, Mobil Corporation, their subsidiaries or other business entities within their corporate families [including entities described in footnote 1 to the notice]; (b) subjects or matters discussed or referenced in

parties conferred, Defendants expressed no interest in discussing any of the topics set forth in the deposition notices (other than discussion of the time period involved).  Subsequent to these meet and confers, Defendants elected *not* to file a motion for a protective order by the deadline established by the Court or, for that matter, at any time.  Dkt. 758 at 5 (Ordering that "any motion for a protective order to further limit the scope of the Rule 30(b)(6) depositions be filed no later than November 9, 2020").  Having declined to do so, it is well-established that Defendants have an obligation to prepare witnesses to testify at the depositions as noticed.[3]

---

documents produced by the Defendants in this litigation; (c) factual statements and allegations in Defendants' pleadings in this litigation; and (d) factual statements and allegations in publicly available materials.

- "Although the Matters covered by these Topics include documents already produced or otherwise filed or used in this litigation, this Notice does not request that you review your other documents that are maintained in Indonesia and have not previously been produced in this litigation." Exh. A.

- Plaintiffs have also made clear, of course, that that they will proceed in accordance with the Court's direction that "plaintiffs may not re-ask questions to which a responsive answer was provided in a previous 30(b)(6) deposition of the same corporation."  Dkt. 758 at 4.

[3] *See, e.g., Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order. 'Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.'") (citation omitted); *accord Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 16-cv-069 CAB (NLS), 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) ("[T]he 'proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order.'  A corporate deponent cannot simply make 'objections and then provide a witness that will testify only within the scope of its objections.'") (citation omitted); *Rutherford v. Evans Hotels,* LLC, 18cv435-JLS(MSB), 2018 WL 6246516, at *3 (S.D. Cal. Nov. 29, 2018) (same); *Brooks v. Phoenix Metals Co.*, 1:15-cv-3612-ODE-JKL, 2016 WL 11588061, at *2 (N.D. Ga. Aug. 19, 2016) ("The weight of authority holds that a party cannot unilaterally avoid preparing a corporate representative on a topic simply by lodging objections to a 30(b)(6) topic, and instead, the party must seek a protective order."); *Robinson v. Quicken Loans, Inc.*, 3:12-cv-00981 , 2013 WL 1776100, at *3 (S.D. W.Va. Apr. 25, 2013) (same); New *England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("[A] party cannot decide on its own to ignore [a Rule 30(b)(6)] notice.  Rather, if counsel …was of the view that the plaintiff's 30(b)(6) deposition notice was defective or improper in some way … it was [the defendant's] burden to seek a protection pursuant to Rule

Although the Court Order ordered the parties to meet and confer to "schedule times for the Rule 30(b)(6) depositions, which shall be taken no earlier than January 11, 2021," Dkt. 758 at 4, Defendants have not been willing to confer about that issue in any meaningful way. Instead, Defendants have simply insisted they will not make either of the Rule 30(b)(6) witnesses available at any time before the final week of fact discovery. Defendants have also stated that both witnesses – or a single witness – will appear in Singapore, the depositions will therefore begin at 7 p.m. Eastern, and the depositions must be completed during the final week of discovery. Although it is evident that Defendants know the witness(es) that will appear, Defendants have declined requests to identify the witness(es). [4]

---

26(c) … What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.");

[4] At one point, Defendants suggested that a single witness would testify simultaneously on behalf of both EMOI and EMC and indicated that if Plaintiffs would not agree to this, Defendants would make the EMC witness available immediately after the EMOI deposition was concluded (i.e., presumably long after midnight). When Plaintiffs would not agree to this, Defendants agreed to produce witnesses on separate dates, but continued to insist that neither the EMOI nor EMC witness would be made available until the final week of discovery. Plaintiffs do not object to the witnesses appearing in Singapore or the depositions commencing at 7 p.m. Eastern as long as there is some reasonable interval of days between the depositions. Plaintiffs have advised Defendants that after the EMOI deposition is completed, Plaintiffs will make a good faith evaluation of the time needed for the EMC deposition.

Although Defendants will not identify the EMOI or EMC designee, it is evident that they know the identity of these designees. Defendants have indicated the witness(es) must be deposed in Singapore (even though EMC is in the United States), that "[o]ur designee likely will be a Singapore-based senior executive who has significant work responsibilities" (Exh. I at 2), and "our Rule 30(b)(6) designee is fluent in English." Exh. M at 2. Defendants know that withholding this information will impede Plaintiffs from identifying documents or other information specific to their designated witnesses that can be used for impeachment and prevents any meaningful assessment of Defendants' claim that their witness(es)' schedules precludes a deposition on any day before the final week of discovery.

Plaintiffs have repeatedly asked Defendants to reconsider their insistence that no Rule 30(b)(6) will be made available before the final days of discovery and have offered to take the EMOI Rule 30(b)(6) deposition on *any* day between January 11 – January 31.  Defendants have made clear that this is non-negotiable.  They have rejected requests to identify these witnesses[5] and indicated that neither the EMOI nor EMC witness(es) will be made available for depositions before the last week of discovery.

3. As discovery has proceeded, the importance of these depositions has become even clearer. Nine of the eleven plaintiffs and five of the third-party witnesses have been deposed. Despite myriad complaints by Defendants, Plaintiffs currently remain on track to complete this discovery by the February 19th deadline.  The Court should be advised of the following as it provides a substantial explanation for the Defendants' insistence on delaying Rule 30(b)(6) depositions until the latest possible time:

First, Defendants previously opposed the Rule 30(b)(6) depositions by arguing that Plaintiffs could obtain information about relevant events in Indonesia through the fact witnesses made available by Defendants, including Neil Duffin, who was Mobil Oil Indonesia's Senior Vice President.  Mr. Duffin's recent deposition has made several things clear.  (A summary of Mr. Duffin's deposition is appended as Exhibit O.  The full transcript is appended as Exhibit P[6]).

\* Although Mr. Duffin was Senior Vice President of Mobil Oil Indonesia until January 10, 2000, he then left the country and has no personal knowledge of events after that time. Most of the Plaintiffs where injured after that time.

---

[5] *See Hannah v. Wal-Mart Stores, Inc.*, 3:12CV1361 (JCH), 2014 WL 110950, at \*7 (D. Conn. Jan. 10, 2014) (requiring defendants to identify the names and locations of their Rule 30(b)(6) witnesses).
[6] Defendants again interposed numerous objections throughout the deposition.  Those objections are not included in the quotation of deposition testimony *infra*.

    \*    The testimony Mr. Duffin did provide for the period from January 1998 – January 2000 is extraordinary. It makes crystal clear that ███████████████ ███████████████ ███████████████ ███████████████.[7] Duffin has admitted that ███ ███████████████[8] ███████[9] ███████ ███████████████[10] And, despite repeatedly testifying that ███████

---

[7] *See, e.g.,* Exh. P at 63, 115, 134-37, 147-48, 153-56 & 191. ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ *Id.* at 219:19-220:25.

[8] Exh. P at 94:19-95:24 ███████████████

[9] Exh. P at 99:4-18 ███████████████ ███████████████

[10] Exh. P at 96:15-97:11 ███████████████ ███████████████; *id.* at 211:3-9 ███████

███████████████████████████████████████████████████████████████,

Duffin's testimony ███████████████████████████████████████████

███████████████████.[11] Duffin's testimony, and the exhibits thereto, also make clear █

████████████████████████████████████████████████████████[12]

---

[11] Exh. P at 177-78 ███████████████████████████████████████████████

████████████████████████████████████████████."); PX 31 (appended hereto as Exhibit Q) (December 31, 1999 email from Tommy Chong to Wilson, Duffin and Mike Farmer (in the United States) re: "████████████████████████████████," reporting that "████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

"); Exh. P at 207-219 (testifying about PX 31); PX 33, which is appended hereto as Exhibit R) (████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████"); Exh. P at 230-236 (████████████); id. at 248-261 (████████████████

████████████) (Emphasis above added).

[12] This conclusion is supported (indeed, it is inescapable) throughout the Duffin testimony and exhibits used at his deposition, which show how tightly integrated these activities were.

Second, while Defendants depose the Plaintiffs and third party witnesses for long hours through the night (in the United States) – and engage in now familiar tactics of casting aspersions at counsel, the witnesses and anyone else involved – the barbarism witnessed and suffered by these witnesses is part and parcel of the bargain Defendants knew they were making when they engaged these military guards as Exxon's security personnel.[13]

---

[13] All of these transcripts will be made available at any time the Court requests. The testimony this far clearly shows Exxon security personnel committed these preventable abuses. For present purposes, the following testimony is illustrative of the violence, torture, sexual abuse and killings at issue here – actions that are shocking, but also entirely consistent with a long history of exactly the same kind of actions that were well-known to Defendants as they made decisions to request, engage and expand their use of the military to guard Defendants' natural gas operations and did so without any meaningful efforts to monitor, prevent or address these actions. *See, e.g.,* Exh. S at 11:22-13:21, 19:16-20:5, 21:10-22, 22:16-24:24, 27:22-31:2 (Deposition of third-party witness ▮▮▮); ▮▮▮); Exh. T at 47:23-52:22 (Deposition of Jane Doe III) ▮▮▮; Exh. U at 7:13-19:16, 112:21-113:18 (Deposition of third-party witness ▮▮▮; Ex. V at 124:11-127:11, 129:15-130:10, 135:13-140:21, 145:23-147:14, 163:19-164:17 (Deposition of John Doe VII (rough transcript)) ▮▮▮

Third, after hours of extraordinary admissions, Senior Vice President Duffin tried to walk away from his testimony, stating that " ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████ " (Exh. P at 222:7-12). This, of course, is exactly the reason the Rule 30(b)(6) depositions are so important. Indeed, it is revealing that Defendants' previously listed as witnesses people like Tommy Chong and Maman Budiman who spent much or most of their time on MOI's activities in Aceh (*see, e.g.,* Exhibits Q & R), said these witnesses were represented by Defendants, and said they would be made available for depositions, and then took the position they were no longer represented by Defendants and would *not* be made available for depositions or used at trial. Notably, Duffin has testified that ███████████████████████████████████████████ ██████████████████████████████.[14]

4. We provide this information because it should eliminate any mystery about why the Defendants now refuse to make any Rule 30(b)(6) witness available until the very final days of discovery (and then will make them available in Singapore, where depositions will commence at 7 p.m. Eastern time, despite EMC's location in the United States). Withholding these

---

[14] *See* Exh. P at 33:3-17 (testifying that ███████ ███████████████); 33:22-34:4 (testifying that ███████████████████); 34:5-35:3 (testifying that ███████████████████████████████████); 35:21-36:14 (testifying that ███████████████); 36:15-23 (testifying that ███████ ██████████████████████). As noted above, after previously indicating that other witnesses who *did* spend significant time at MOI's operations in Aceh, were knowledgeable about the relevant events in Aceh, and were represented by Exxon and would be made available for depositions (e.g., Tommy Chong and Maman Budiman), Exxon subsequently took the position that these witnesses would not be produced for depositions.

witnesses until the very final days of discovery is consistent with the Defendants' longstanding opposition to making these witnesses available at all. Given the Defendants' prior representations that they could complete all discovery by October 30 (including the Rule 30(b) depositions which the Court had already ordered would go forward), and had staffing that would enable them to take depositions *every day*, there is no proper basis for them to refuse to make any Rule 30(b)(6) witnesses available until the very last week of discovery (i.e., *more than 3 1/2 months after the depositions were noticed*). The Defendants' blanket and non-negotiable insistence that they will not make any of the Rule 30(b)(6) witnesses available before the final days of discovery is also not consistent with this Court's directive that the parties confer about an appropriate schedule for these depositions.

This is especially untenable in view of the actions at the Phase 1 Rule 30(b)(6) and other depositions, where Defendants interposed literally hundreds of objections, frequently instructed the witnesses only to provide answers "if you know," and threatened to terminate one of the Rule 30(b)(6) depositions while it was in progress. By now refusing to make any Rule 30(b)(6) available until the last days of fact discovery, Defendants would make it impractical to follow-up on any factual information provided at the depositions; difficult or impossible to resolve issues that arise at these depositions before discovery closes or without risking delays in subsequent events on the schedule, including expert reports; and would only *encourage* restrictions on the witness(es)' preparation, repeated objections and/or other impediments at these depositions because of the challenges in addressing those issues if they arise in the final days of discovery. There is simply no reasonable basis for Defendants not to make MOI's still unidentified Rule 30(b)(6) witness available on any date between January 11 and January 31, so that if issues to arise they can be presented and resolved without delaying the litigation.

Plaintiffs made very substantial efforts to resolve this and avoid presenting another discovery issue to the Court.  But there is simply no proper basis for Defendants' unwillingness to make the EMOI and EMC Rule 30(b)(6) witness(es) available on any dates before the final week of discovery (nor has any sound reason been suggested).  Accordingly, Plaintiffs file this motion respectfully requesting that Defendants be directed to make EMOI's Rule 30(b)(6) witness available on any date between January 11 and January 31, 2021, and EMC's Rule 30(b)(6) witness available on any date a week or more after the EMOI deposition is completed.

Dated:  November 20, 2020                                         Respectfully submitted,

/s/ Kit A. Pierson
Agnieszka M. Fryszman (#495208)
Kit A. Pierson (#398123)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.cm
kpierson@cohenmilstein.com

Poorad Razavi
Cohen Milstein Seller & Toll PLLC
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL. 33410
Tel: (561) 515-1400
Fax: (561) 515-1401
prazavi@cohenmilstein.com

Paul L. Hoffman (Pro Hac Vice)
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Blvd
Los Angeles, CA
Tel: (310) 396-0731
hoffpaul@aol.com

**PUBLIC REDACTED COPY**

>Terrence P. Collingsworth (# 471830)
>International Rights Advocates 621
>Maryland Ave., N.E.
>Washington, DC 20002 Tel:
>(202) 255-2198
>*Attorneys for Plaintiffs*

PUBLIC REDACTED COPY

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020 I electronically filed *Plaintiffs' Motion Requesting Relief Regarding EMOI and EMC Rule 30(b)(6) Depositions* with the Clerk of the Court using the ECF, who in turn sent notice to counsel of record in this matter.

Dated:   November 20, 2020

/s/ Kit A. Pierson
Kit A. Pierson