IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 01-1357 (RCL/AK) |
| v. | ) |
| EXXON MOBIL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR A TWO-WEEK EXTENSION OF THE FACT-DISCOVERY DEADLINE**

Fact discovery in this case is set to close on February 19, 2021. Dkt. 750 at 2. Plaintiffs respectfully request the Court extend the fact-discovery deadline by two weeks from February 19, 2021, to March 5, 2021. Plaintiffs do not seek to extend any other deadlines. Thus, the expert and briefing deadlines are unaffected by this motion.[1] The parties have met and conferred on this matter, but Exxon has not consented to an extension.

Plaintiffs seek this extension because a member of their team contracted coronavirus and is still not back at full strength; witnesses scheduled for deposition in Aceh have also become ill and require time to recuperate; and multiple litigation conflicts in late January complicated scheduling matters.

Plaintiff thus request a two-week extension of the fact-discovery deadline, after which the schedule will proceed as previously set with the existing deadlines unchanged.

---

[1] For example, Plaintiffs' expert analysis would continue to be due 45 days from February 19, 2021. Because no other dates in the calendar would move, the schedule for moving this case forward to trial would be unchanged.

I. **BACKGROUND**

The parties have completed 17 depositions thus far. Plaintiffs accommodated Exxon's request that the Plaintiffs be deposed first and completed the depositions of ten Plaintiffs before the December holidays. The parties have so far deposed seven of the third-party witnesses. The parties plan an additional eight third-party depositions.[2] Plaintiffs have provided the names of each of these third-party witnesses to counsel for Defendants.

Pursuant to the parties' agreement, each third-party deposition begins at 9 a.m. Indonesia time/9 p.m. Eastern time. Each deposition requires coordinating the schedules of the third-party witness (who is appearing voluntarily), a translator, a check translator, Plaintiffs' counsel, and Defense counsel.

Plaintiffs initially proposed 22 weeks of discovery in which to schedule and complete the depositions, a period that concludes on February 19, 2021. After the parties agreed on and the Court entered the schedule, Exxon informed Plaintiffs that it was not available for depositions the entire week of November 22, the entire week of December 20, and the entire week of December 27, and that it would only consent to one deposition the week of October 25. Exxon also informed Plaintiffs it was not available on any weekends (and would therefore not accommodate third parties reluctant to miss work) or on Sunday night (Monday in Indonesia), limiting the times available to schedule the depositions. The third-party witnesses were not available in the time right after the New Year holiday. A scheduling conflict also arose for Exxon's translator, which caused him to be unavailable multiple days during the week of January 18 and forced the parties to reschedule a deposition previously noticed for January 20. Ex. A

---

[2] Consistent with the Court's prior orders, Plaintiffs have also scheduled depositions of the EMOI Rule 30(b)(6) witness and the EMC Rule 30(b)(6) witness.

¶ 13. Of the days that Exxon left open for depositions, they could only be scheduled on days that Plaintiffs' translator, a university instructor, did not have class or other commitments.

Plaintiffs scheduled and completed 17 depositions against steep odds. *Id.* ¶ 3. Plaintiffs located and retained a college student to handle the IT set up and provided both this support and hotel accommodations for the depositions noticed by Defendants, even though this would ordinarily be Defendants' obligation. Events in Indonesia, most obviously the challenges posed by the pandemic (which is severe in Indonesia, just as it is in the United States), have disrupted Plaintiffs' efforts to schedule and prepare for depositions too. One of the Plaintiffs' sons passed away at the end of September—likely from Covid-19. *Id.* ¶ 5. Other witnesses and their family members have fallen ill (and one has been hospitalized), necessitating the rescheduling of depositions. *Id.* ¶¶ 6-7. Heavy rains in December caused widespread flooding and impeded transportation and communication in Aceh. *Id.* ¶ 9.

## II.     ARGUMENT

A scheduling order may be modified for good cause and with the Court's consent. *See* Fed. R. Civ. P. 16(b)(4); *see also, e.g.*, *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008).

Good cause exists to extend the fact-discovery deadline. First, a series of unexpected events beyond control of any party has slowed the deposition schedule. Most significantly, at the end of December, a member of Plaintiffs' counsel's team whose work is critical for preparing for depositions contracted Covid-19, as did her entire immediate family, which prevented her from working while she recovered and tended to family members. Ex. A ¶ 10. She is not yet back to full strength. In addition, Plaintiffs learned this week that one third-party witness is ill with symptoms resembling Covid-19 and needs time to recover. *Id.* ¶ 8.

Second, civil unrest in the District of Columbia has also disrupted work for Plaintiffs' Washington-based counsel.  Two members of counsel's team who live in the District of Colombia near sites of potential violence have relocated until after the Presidential Inauguration, which has caused additional dislocation.  *Id.* ¶ 11.  Lead counsel's office, which is four blocks from the White House, is effectively inaccessible because of unprecedented security in anticipation of potential violence surrounding the Inauguration—with traffic in the in the area restricted and parking and metro stations closed.  *Id.* ¶ 12. Counsel's firm has closed the office until after the Inauguration, depriving counsel of the in-office support services that have allowed counsel to work from home since the beginning of the Covid-19 pandemic.  *Id.*

Third, significant litigation conflicts arose during the last weeks of January that make it difficult to schedule and complete multiple overnight depositions (occasionally lasting until 6 a.m.) per week.[3]  Lead counsel, who has taken and defended all but a handful of depositions to date, has an appellate argument before the D.C. Circuit set for January 25 and an additional argument on February 3.  Ex. A ¶¶ 14-15.

Because the remaining witnesses are third party witnesses who are appearing voluntarily, additional flexibility is required to schedule these depositions during the pandemic.

Exxon has offered no valid reason to oppose this extension.  Plaintiffs propose that all subsequent deadlines be unaffected by this extension (i.e., they will continue to be calculated

---

[3] The length of the depositions is due to extended questioning by Exxon's counsel.  The third-party witnesses have limited testimony about events – such as a shooting or a beating – that they witnessed.  Plaintiffs' counsel has questioned the third-party witnesses for approximately thirty minutes to an hour before passing the witness for cross-examination.  Counsel for Exxon, which has not cross-noticed any of the third-party witnesses, have examined the witness for up to five more hours of questioning.  Exxon's cross-examination often dwells matters well beyond the scope of cross-examination and of unclear relevance to any matter in this case, such as a third party witness' motorcycle licensing practices.  Due to the length of Exxon's questioning, the parties are unable to schedule more than one deposition per day.

4

from the February 19, 2021 date), and the next deadline is Plaintiffs' expert disclosures, on April 5.  Exxon's expert disclosures will remain due on May 20, 2021, and Exxon will have the same amount of time between receiving Plaintiffs' expert disclosures and filing its own expert disclosures regardless of whether this relief is granted.  Only Plaintiffs will be prejudiced by the relief they request, as they will have less time after the close of fact discovery to complete their expert disclosures.

Plaintiffs' counsel are proud of the efforts they have made during such a difficult time to move this case forward and complete fact discovery. Plaintiffs request only two more weeks to ensure that these depositions can be completed—a modest adjustment that will have no impact on other dates in the schedule and the progress of this case toward trial.

### III.   CONCLUSION

Plaintiffs request the Court grant their motion for a two-week extension of the fact discovery deadline.

Dated:  January 20, 2021                           Respectfully submitted,

/s/ Kit A. Pierson
Agnieszka M. Fryszman (#495208)
Kit A. Pierson (#398123)
Nicholas J. Jacques (#1673121)
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.cm
kpierson@cohenmilstein.com
njacques@cohenmilstein.com

Poorad Razavi
**Cohen Milstein Seller & Toll PLLC**
2925 PGA Blvd., Suite 200

Palm Beach Gardens, FL. 33410
Tel: (561) 515-1400
Fax: (561) 515-1401
prazavi@cohenmilstein.com

Paul L. Hoffman (*pro hac vice*)
**Schonbrun Seplow Harris & Hoffman LLP**
11543 W. Olympic Blvd
Los Angeles, CA
Tel: (310) 396-0731
hoffpaul@aol.com

Terrence P. Collingsworth (#471830)
**International Rights Advocates**
621 Maryland Ave., N.E.
Washington, DC 20002 Tel:
(202) 255-2198
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I electronically filed *Plaintiffs' Motion for a Two-Week Extension of the Fact-Discovery Deadline* with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record.

Dated:   January 20, 2021              /s/ Kit A. Pierson
                                       Kit A. Pierson