# **<u>Exhibit A</u>**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*,            ) | |
| )  | |
| Plaintiffs,  ) | Civil Action No. 01-1357 (RCL/AK) |
| )  | |
| v.                               ) | |
| )  | |
| EXXON MOBIL CORPORATION, *et al.*,  ) | |
| )  | |
| Defendants.  ) | |
| )  | |

**DECLARATION OF AGNIESZKA M. FRYSZMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR A TWO-WEEK EXTENSION OF THE FACT-DISCOVERY DEADLINE**

1.  I am an attorney admitted to practice law in the District of Columbia. I represent the Plaintiffs in the above-captioned matter.

2.  I submit this Declaration in support of Plaintiffs' Motion for a Two-Week Extension of the Fact-Discovery Deadline. I have personal knowledge of the facts set forth in this Declaration and am competent to testify to the matters stated herein.

3.  To date, Plaintiffs have made very substantial progress in completing depositions in Indonesia notwithstanding the extraordinary challenges presented by the pandemic. At Defendants' request, the depositions of the Plaintiffs were prioritized and depositions of ten (of 11) Plaintiffs have now been completed. Plaintiffs have also completed depositions of seven third-party depositions (with eight remaining to be completed). To facilitate this process, Plaintiffs' counsel has also arranged both technical support, hotel accommodations and other logistical support for all depositions, including the ten depositions that were noticed by Defendants.

4.      Because of challenges presented not only by the pandemic, but other circumstances described below, as well as substantial periods where all defense counsel (and/or their translator) were unavailable, Plaintiffs have advised Defendants that a two-week extension is necessary to complete depositions in Indonesia and have explained the circumstances described herein.  Plaintiffs also advised Defendants of our agreement that the other dates in the schedule need not be adjusted (i.e., Plaintiffs' expert analysis would continue to be due 45-days after February 19, 2021 and the subsequent dates would be unchanged).   Defendants have declined to consent to any extension of the period to complete depositions.  In the paragraphs that follow, I will explain some of the substantial efforts Plaintiffs have made to keep discovery on track, as well as some of the challenges that have been encountered and that justify a modest extension of the period for completing fact depositions (without any extension of the subsequent dates in the schedule).

5.      Prior to her deposition on September 27, 2020, Plaintiff Jane Doe VI informed me that her son was sick and in the hospital with symptoms consistent with Covid-19. Jane Doe VI's deposition proceeded as scheduled, despite her obvious anxiety about her son's health. Unfortunately, Jane Doe VI's son passed away soon after, on October 4, 2020.

6.      Jane Doe VI's daughter is a third-party witness. Her deposition was scheduled for October 16, 2020, but it had to be rescheduled because she was mourning her brother's death. Plaintiffs rescheduled the deposition for October 23, but more of Jane Doe VI's family members fell ill, so counsel delayed the deposition again out of concern that Jane Doe VI's daughter was exposed to the coronavirus. She was finally deposed on November 18, even though she was still visibly in mourning and broke down crying several times during her deposition.

7. Another third party who was an eyewitness to John Doe II's kidnapping was scheduled to be deposed on October 28, but her deposition had to be rescheduled because she was hospitalized for a diabetic episode. Her deposition was able to proceed on November 20, even though she was visibly still suffering effects of her illness.

8. On the evening of January 18, I learned that a third-party witness whose deposition is currently scheduled for January 26 is sick with symptoms resembling Covid-19. It is currently unclear if she will be well enough to be deposed as scheduled or, if so, whether she can attend the deposition without posing a health risk to the college student Plaintiffs retained to provide tech support, or the staff and guests at the hotel where the deposition will take place.

9. In early December, our agents in Aceh, who we retained to help me and Plaintiffs' other U.S.-based counsel communicate with our clients and witnesses, informed me that heavy rains in Aceh caused widespread flooding. The flooding made many rural roads impassable, hampering our ability to communicate with our clients and witnesses and impairing our efforts to arrange and prepare for depositions.

10. An attorney in my Practice Group, who I rely on to help prepare for depositions in this matter, notified me on December 28, 2020, that she was experiencing symptoms of Covid-19. On December 30, she informed me she tested positive for Covid-19. She informed me the other members of her household, members of her immediate family, also tested positive for Covid-19. This attorney missed over two weeks of work because of Covid-19, which hindered the Practice Group's ability to adequately prepare for depositions during this period.

11. Two other members of the Practice Group have had their work impacted by the recent civil unrest and credible threats of violence in Washington, D.C., and the unprecedented security situation in the city. The Practice Group's only paralegal informed me that, at the urging

of her parents, she decided to stay with her parents in New York and wait until after the Presidential Inauguration to return home to Washington. Our associate, Nicholas Jacques, has second chaired many of the depositions and provides needed continuity to the schedule. He likewise left his home in Washington to stay in Massachusetts until after the Inauguration. Both Practice Group members are critical to helping arrange and prepare for depositions, and their dislocation has affected their ability to contribute as fully as usual.

12. The unprecedented security situation in Washington has also impacted operations at Cohen Milstein's Washington office. Cohen Milstein's Washington office is located at the corner of 11th Street and New York Avenue, which is approximately four blocks from the White House. As part of the extensive security measures for the Inauguration, traffic around the office has been restricted, and parking and Metro Stations have been closed. As a result, Cohen Milstein's executive director announced on January 14 that the Washington office would be closed on Tuesday, January 19 and Wednesday, January 20, and the normal skeleton crew that provided office services and secretarial support during the pandemic would not be available. Because the office was closed on Monday, January 18 in observation of Martin Luther King Jr. Day, counsel for five days straight was without access to these services, which have facilitated counsel's remote work since the pandemic began.

13. On January 12, 2021, counsel Exxon told us its translator was no longer available for a third-party deposition the parties previously agreed would be conducted January 20. We proposed moving the deposition to January 21 to accommodate Exxon's schedule, but counsel for Exxon said its translator would not be available on that date either. We ultimately agreed to reschedule for January 26.

14. I am lead counsel in an unrelated matter currently pending before the D.C. Circuit. Oral argument in that case has been set for Monday, January 25, 2021, and I will be presenting argument for the appellees. I am also counsel on another case currently pending in the Eastern District of Virginia. The court in that case just rescheduled argument on a dispositive motion for February 3, 2021. Because the argument falls within my area of expertise, the firm's clients in that matter have specifically requested I argue in opposition to that motion. I am therefore unavailable for overnight depositions in this time period.

15. Although the foregoing challenges necessitate a brief (two-week) extension of the time period to complete depositions, Plaintiffs are eager to move this case forward to trial and, as noted above, proposed to Defendants that all other dates on the schedule would remain the same (i.e., they would run from February 19, 2021 and subsequent events on the schedule). As a result, granting Plaintiffs' motion would not result in any delay in this action.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct to the best of my knowledge.

Executed on January 20, 2021
Washington, D.C.

/s/ Agnieszka M. Fryszman
Agnieszka M. Fryszman