UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE I**, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**EXXON MOBIL CORPORATION**, et al.,<br><br>*Defendants.* | Case No. 1:01-cv-1357-RCL |

## **MEMORANDUM ORDER**

Before the Court is the plaintiffs' motion [769] to extend fact discovery by two weeks.

The Court must first address the defendants' argument that the plaintiffs failed to comply with Local Rule 7(m).

Local Rule 7(m) requires that:

> [b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR 7(m). To comply with the rule, counsel must take "real steps to confer." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F.Supp.2d 46, 52 (D.D.C.2006)). Absent a real effort to confer, the Court may deny the motion. *See, e.g., id.* But the Court may also exercise its discretion to resolve the motion in the interests of judicial economy. *See, e.g., United States ex rel. Purcell v. MWI Corp.*, 824 F. Supp. 2d 12, 19 n.3 (D.D.C. 2011).

The parties dispute whether the plaintiffs have satisfied Local Rule 7(m). In their motion for an extension, the plaintiffs state that "[t]he parties have met and conferred on this matter, but

1

Exxon has not consented to an extension." Pls.' Mot. 1; *see also* Fryszman Decl. ¶ 4, ECF No. 769-1; Pls.' Reply 2 n.2, ECF No. 773. The defendants, however, contest that claim. According to the defendants, the plaintiffs asked them to consent to an extension but never conferred about a motion to extend the deadline. Defs.' Opp'n 4 n.3, ECF No. 772; *see also* Anderson Decl. ¶ 9, ECF No. 772-1.

The plaintiffs have substantially complied with Local Rule 7(m). Where parties have identified their positions on an issue and where no compromise appears possible, the parties have met the obligations of the local rule. *See, e.g., English v. Wash. Metro. Area Transit Auth.*, No. 16-cv2335-ABJ, 2018 WL 4680274, at *2 (D.D.C. Sept. 27, 2018). Here, the parties discussed the plaintiffs' desire to extend the deadlines and the defendants' opposition to *any* extension. *See* Anderson Decl ¶ 9; *id.* at Ex. 7, Email from Jessica Morton to Agnieszka Fryszman (Jan. 15, 2021). Accordingly, they have satisfied Local Rule 7(m)'s meet and confer requirements. And the plaintiffs also satisfied the other element of the local rule: they included the requisite statement in their motion. *See* Pls.' Mot. 1.

The defendants argue that the plaintiffs failed to comply with the rule because they did not specifically mention the motion in their discussion. That argument tries to slice the rule too thinly. The focus of a Local Rule 7(m) inquiry is on substance, not form. *See United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F.Supp.2d 46, 52 (D.D.C.2006)). And here, the defendants offer at best a formalist case for noncompliance. Only the Court may alter the schedule. *See* Fed. R. Civ. P. 16(b)(4). A party seeks relief from the Court by filing a motion. *See* Fed. R. Civ. P. 7(b)(1). Counsel for the parties discussed the relief the plaintiffs wanted. But even if the parties had agreed at that point, a motion—and a demonstration for good cause—would still be necessary to change the deadlines. Because a motion was required to afford the relief the plaintiffs

2

sought, the discussion between counsel could not have been about anything but a motion. Perhaps, it would have been better practice for plaintiffs' counsel to have told defendants' counsel expressly that they intended to file a motion. But plaintiffs' counsel failure to abide by that formality is not the same thing as a failure to consult.[1]

The defendants' Local Rule 7(m) argument is ironic. The purpose of the rule is to "to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." *Ellipso*, 460 F. Supp. 2d at 102 (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006)). Yet in opposing relief based on Local Rule 7(m), the defendants have brought yet another dispute before the Court and enlarged the issues that the Court must decide. Their argument is meritless.

Having resolved the procedural challenge, the Court turns to the merits of the plaintiffs' motion.

The Court may modify a discovery schedule only for good cause. *See* Fed. R. Civ. P. 16(b)(4). To demonstrate good cause, a party must show that it is unable to meet existing deadlines despite diligent efforts to comply. *See* 6A Wright & Miller, *Federal Practice and Procedure Civil* § 1522.2 (3d ed., Apr. 2020 update) (collecting cases).

The plaintiffs offer three reasons why they are unable to complete discovery by February 19, 2021. First, they say two members of their litigation team have contracted COVID-19.[2] *See*

---

[1] The Court's holding today is consistent with decisions requiring the parties to confer about a motion itself—not just their disagreement about the underlying issue—because the Court holds that in discussing the specific relief the plaintiffs wanted the Court to order, the parties discussed the motion.

[2] The plaintiffs also told the Court that one of their third-party witnesses had exhibited symptoms consistent with COVID-19. *See* Pls.' Mot. 3; Fryszman Decl. ¶ 8. But because that witness's deposition apparently occurred as scheduled, *see* Def.'s Opp'n 5; Anderson Decl. ¶ 14, the Court does not consider the witness's symptoms relevant here.

Pls.' Mot. 3; Pls.' Reply 1–2, 5; Fryszman Decl. ¶ 10. Second, they say that civil unrest in the District of Columbia disrupted their operations and restricted their access to in-office support services. *See* Pls.' Mot. 4; Fryszman Decl. ¶¶ 11, 12. Third, they say that their lead counsel has had other litigation obligations, including two oral arguments. *See* Pls.' Mot. 4; Fryszman Decl. ¶ 14.

The first of the plaintiffs' reasons offers the strongest grounds to extend discovery for two weeks. When an attorney comes down with a serious illness, she presents an unforeseen obstacle to meeting preexisting deadlines. Accordingly, the Court has routinely granted extensions when attorneys have contracted COVID-19. *See, e.g.*, Order at 1, *Hall v. CIA*, No. 04-cv-814-RCL (D.D.C. Dec. 18, 2020). Here, two of plaintiffs' attorneys have contracted COVID-19. And the plaintiffs explain that those illnesses have strained their resources. *See* Pls.' Reply 5. The Court finds that the attorneys' illness supplies good cause to extend the discovery deadlines by two weeks.

Because the Court determines that the first rationale supplies good cause to modify the schedule, it does not reach the second and third rationales.

The defendants argue that the plaintiffs have failed to pursue discovery diligently. The Court will not require the plaintiffs to account for every day of the discovery period. And it certainly will not parse the acrimonious correspondence between counsel. It is enough to say that having conducted eight of eleven noticed third-party depositions so far, the plaintiffs have sufficiently demonstrated diligence.

The Court **FINDS** that good cause exists to extend the existing discovery deadlines by two weeks. Therefore, the plaintiffs' motion is **GRANTED**. It is **ORDERED** that:

- fact discovery shall close on March 5, 2021;

- the plaintiffs' expert reports shall be due on April 5, 2021; and,
- all other deadlines shall remain operative.

Absent exceptional circumstances, the Court does not contemplate extending deadlines again. The parties should plan accordingly.

**IT IS SO ORDERED.**

Date: 2/3/21

Royce C. Lamberth
United States District Judge