UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JOHN DOE I**, et al.,

*Plaintiffs,*

v.

**EXXON MOBIL CORPORATION**, et al.,

*Defendants.*

Case No. 1:01-cv-1357-RCL

## ORDER

Before the Court are the plaintiffs' motion [777] to compel and for sanctions and the defendants' cross-motion [782] for sanctions. For the reasons stated in the accompanying Memorandum Opinion the plaintiffs' motion is **GRANTED** and the defendants' motion is **DENIED**.

Accordingly, to grant the plaintiffs' relief, the Court:

- **ORDERS** EMOI to produce a representative to respond under oath and on the record to each and every question for which the Court categorized the answer as "nonresponsive" in the Appendix to this opinion. If defense counsel objected to any of those questions during the initial deposition, counsel may restate those objections briefly and without argument. This testimony shall occur on a date to be agreed on by the parties. No time limit shall apply to this question-and-answer session, and this session shall not count against the time limit for the resumed deposition ordered below. If additional context is required for the witness to answer a question, the court reporter shall be permitted to read the relevant portions of the

transcript or a member of the plaintiff's legal team shall be permitted to play the relevant portions of the video from the February 15, 2021 deposition.

- **ORDERS** the witness to provide the compelled answers in a direct and responsive manner.  A copy of this Order shall be provided to EMOI's witness at the opening of his testimony.

- **ORDERS** the parties to resume the EMOI Rule 30(b)(6) deposition and to proceed with the ExxonMobil Corporation Rule 30(b)(6) deposition on dates to be agreed on by the parties.  The plaintiffs shall be permitted to take up to seven hours of new testimony in each of the resumed EMOI deposition and the ExxonMobil deposition.

- **ORDERS** the defendants' witnesses to answer directly and responsively the questions posed to them and to provide reasonably concise answers.  A copy of this order shall be provided to the defendants' witnesses at the opening (or reopening) of their testimony.

- **ORDERS** all counsel to state any objections on the record in a concise and nonargumentative manner.

- **ORDERS** the defendants to provide to plaintiffs' counsel any notes on which their 30(b)(6) representatives may rely at least one hour prior to the start (or resumption) of the depositions and to mark and identify any such notes as exhibits at the opening (or reopening) of the depositions.

- **ORDERS** that the discovery directed by this Order occur notwithstanding the fact discovery deadline.

- **AWARDS** to the plaintiffs their reasonable expenses (including attorney's fees) incurred in litigating their motion to compel and for sanctions, in taking the

compelled EMOI testimony, and in preparing for and taking the resumed EMOI deposition. The plaintiffs shall file a motion for expenses within thirty days of the conclusion of the resumed EMOI deposition. Within fourteen days of the filing of that motion, the defendants shall file any objections to the plaintiffs' claimed expenses. If the defendants object to any of the claimed expenses, the plaintiffs may file a reply within seven days.

- **ORDERS** defense counsel to show cause by May 14, 2021 why sanctions should not be imposed under Rule 11(b)(3) for alleging that plaintiffs' counsel was agitated, disrespectful, and unhinged during the deposition despite a lack of record evidence supporting those allegations. *See* Mem. Op. 29–31.

- **ORDERS** defendants to serve a copy of this order on Ms. Oh.

- **ORDERS** the parties to meet and confer and to file a joint report by May 6, 2021, informing the Court whether they object to any portion of the Memorandum Opinion being unsealed. If a party objects to the unsealing of any portion of the Memorandum Opinion, the report shall briefly explain the nature of the objection, justify the objection under the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980), and propose redactions to the Memorandum Opinion sufficient to protect only confidential or highly confidential information.

**IT IS SO ORDERED.**

Date: 4/26/21

Royce C. Lamberth
United States District Judge