# Exhibit B



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Alex Oh Says She Rues 'Breakdown Of Civility' In Exxon Case

By **Dean Seal**

Law360 (May 7, 2021, 7:39 PM EDT) -- Former Paul Weiss partner Alex Oh said Friday she regrets her role in the "breakdown of civility" with opposing counsel in a long-running Exxon Mobil Corp. human rights case that apparently pushed her to resign as head of the SEC's Enforcement Division less than a week after being named to the role.

The longtime corporate defense lawyer, who turned heads in late April with her **abrupt departure** from the U.S. Securities and Exchange Commission, filed a declaration in the Exxon case responding to a D.C. federal judge's request that she and her former colleagues explain why they should not be sanctioned for accusing opposing counsel of being "agitated and combative" during a contentious witness deposition in February.



Alex Young K. Oh

In an order unsealed Friday, U.S. District Judge Royce C. Lamberth said the video and transcript of the deposition did not support those accusations from Exxon's defense team, which included Oh until recently as well as other attorneys from Paul Weiss Rifkind Wharton & Garrison LLP.

"At no other point during the video does [opposing counsel] raise his voice. By all indications, he maintained a calm demeanor throughout the deposition," Judge Lamberth said in the April 26 order. "That includes moments when Ms. Oh accused him on the record of being unprofessional or of shouting."

The judge concluded his order by saying that while the litigation is high-stakes, he cannot abide "discovery games" and implored the sides to "conduct themselves in a manner befitting their profession," adding that "the law is a noble profession."

"But that only remains true when attorneys uphold their ethical obligations," Judge Lamberth said. "Counsel should behave accordingly."

Oh said in her declaration Friday that she believed her approach to the deposition was appropriate and that her characterization of opposing counsel's demeanor was "fair and supported by the evidence," but that she regretted allowing her "strong convictions to get the better of [her]."

"I regret using the language in question and should have let myself be guided by a higher standard," Oh said. "I appreciate the court's criticism. I have faced the consequences of my actions, and I will undertake to do better in the future."

Oh and her **recently retained counsel** in the sanctions dustup did not immediately respond to requests for comment Friday. A spokesperson for Paul Weiss said the firm could not comment on the matter as it "involves a ruling in an ongoing litigation."

"Alex is an exceptional lawyer, who has always been guided by her commitment to integrity, professionalism and her clients," the statement noted.

Filed nearly 20 years ago in connection with alleged human rights abuses in Indonesia, the Exxon case resurfaced in public view last week after Oh, who was named SEC enforcement director April 22, announced she would be leaving the post April 28 over a development in a case she handled while at Paul Weiss that she feared would become "an unwelcome distraction" for the Enforcement Division.

While Oh never explicitly cited the Exxon case, her resignation came two days after Judge Lamberth called on the Paul Weiss team to explain why they'd characterized opposing counsel in a February deposition as having been "agitated, disrespectful, and unhinged."

A memorandum accompanying the judge's order had been sealed until Friday, after both sides consented to its public disclosure. It revealed that the incident involved a seven-hour deposition of Exxon's Asia Pacific regional general counsel, who was questioned by Kit Pierson of Cohen Milstein Sellers & Toll PLLC and represented by Oh.

According to Judge Lamberth, the witness refused to answer most of Pierson's substantive questions and repeatedly responded to queries by reading "nonresponsive statements verbatim from pre-prepared notes." After the hearing, the plaintiffs sought sanctions and an order compelling more responsive answers from Exxon, to which Exxon's team responded with a cross-motion for sanctions.

The judge ruled in favor of the plaintiffs, finding the witness had even declined to provide answers to "simple foundational questions" and used his notes "to filibuster." Judge Lamberth also starkly disagreed with Exxon's contention that opposing counsel had sought the deposition "in bad faith" or that Pierson had "impeded his own examination" of the witness.

"Given the time [the witness] spent fighting Mr. Pierson's efforts to lay foundation, the time Mr. Pierson had to ask substantive questions becomes vanishingly small," the judge said. "In short, the defendants are in no position to say that the plaintiffs' deposition conduct reflects bad faith when it was the defense witness and defense counsel who derailed the deposition."

The judge further pushed back on the Exxon counsel team's claims in its cross-motion for sanctions that Pierson had "lashed out at the witness" or engaged in "browbeating and disrespectful behavior." According to Judge Lamberth, Pierson only raised his voice three times during the entire deposition, and each time it was to "speak over Ms. Oh and ask her not to interrupt him."

Attorneys for Paul Weiss issued a declaration Friday apologizing to Judge Lamberth for the approach they took to the deposition. But they said they believed it was appropriate for their witness to rely on prepared notes during the deposition, "given the age of the events in question and his lack of personal knowledge."

The defense attorneys further argued that while "tensions flared" over how the deposition should proceed, their later characterizations of Pierson's behavior were made with the belief that Oh and the witness had acted properly, even if those characterizations used "sharp and pointed language."

"Defense counsel regrets using that language," Exxon's attorneys said. "But defense counsel genuinely believed that its descriptions fairly captured the tense and occasionally personal nature of the exchanges between opposing counsel, the first-hand experience of which was not entirely captured by the video the court reviewed."

In her declaration, Oh joined her former colleagues in arguing that discovery sanctions are not warranted, and insisted that she'd never instructed the witness to use his notes "to impede or hinder the deposition or to 'filibuster' by reading them regardless of their responsiveness to a question."

"Rather, I believe the witness was placed in a difficult position of having to identify on his own the portion of his lengthy notes that contained responsive information, often without being guided to a specific topic number, or on occasion guided to topic numbers that did not match up with the question posed," Oh said. "The witness was forced to perform this task on the record while under some pressure from the questioning attorney to respond quickly."

> I have learned from this experience that, when tempers have risen in litigation, greater care is required in the words that I choose.
>
> Alex Oh
>
> former head, SEC Division of Enforcement

Oh continued that the deposition, which took place over Zoom videoconferencing due to COVID-19 restrictions, had been contentious and that she'd perceived Pierson's conduct as "a conscious and aggressive strategy to intimidate me from zealously advocating for my clients."

According to Oh, this included "his clipped tone, his apparent irritation, his immediate threat of sanctions that followed the first reading of the notes, and his calling me by my first name when I addressed him up to that time by his last name."

Pierson did not respond to a request for comment Friday.

Oh said she honestly believed Pierson was "badgering" and "lashing out" at the witness throughout the deposition, and that she was offended by his "dismissive responses" and sanction threats, ultimately leading her to raise her voice and accuse Pierson of impropriety.

"Although the court disagrees that the language I used to characterize plaintiffs' counsel's demeanor has evidentiary basis, I genuinely believed when I made those assertions that my descriptions were supported by my own recollection, the transcript, and the video of the deposition," Oh said. "I have learned from this experience that, when tempers have risen in litigation, greater care is required in the words that I choose."

Oh is represented by Geoffrey M. Klineberg of Kellogg Hansen Todd Figel & Frederick PLLC.

Exxon is represented by Theodore V. Wells Jr., Jaren Janghorbani, Justin Anderson and Mitchell Webber of Paul Weiss Rifkind Wharton & Garrison LLP.

The plaintiffs are represented by Kit A. Pierson, Agnieszka M. Fryszman and Robert W. Cobbs of Cohen Milstein Sellers & Toll PLLC, Paul L. Hoffman of Schonbrun Seplow Harris Hoffman & Zeldes LLP and Terrence P. Collingsworth of International Rights Advocates.

The case is John Doe I et al. v. Exxon Mobil Corp., case number 1:01-cv-1357-RCL, in the U.S. District Court for the District of Columbia.

--Editing by Breda Lund.

All Content © 2003-2021, Portfolio Media, Inc.