# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 01-1357 (RCL/AK) |
| ) | |
| v. ) | |
| ) | |
| EXXON MOBIL CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF KIT A. PIERSON**

I, Kit A. Pierson, declare, under penalty of perjury that the following is true and correct.

1. I am a partner at the law firm of Cohen Milstein Sellers & Toll PLLC. I have been one of the attorneys representing Plaintiffs in this matter. I conducted the deposition of Mr. Snell on February 14-15, 2021.

2. I have reviewed the responses to the Court's Show Cause Order, including the declaration of one of the three attorneys that represented Mr. Snell at his deposition. Ms. Oh was the principal attorney representing Mr. Snell and I do not recall either of his other counsel speaking during the deposition.

3. Although the challenges presented by Mr. Snell as a witness are now obvious from the transcript and video as well as the Court's ruling, at no point in this deposition did I become "angry." To the contrary, I remained calm, methodical and completely professional throughout the deposition.

4. This is evident at many places in the transcript and, although I have only reviewed small portions of the video, I am confident the entire video and audio would confirm this. This is always my approach to depositions.

5. Although I obviously was not in a position to view my "facial expressions," I can say with complete confidence that I was never angry and never "glared" at anyone. I believe my countenance and temperament throughout the deposition was entirely professional and consistent with the Court's conclusions from reviewing the transcript and video. Dkt. 803 at 31. Needless to say, I cannot speak to what Ms. Oh "perceived."

6. As a rule, I take considerable pride in my relationships with opposing counsel. I have spent many years defending corporate clients, as well as representing plaintiffs, and have a deep appreciation of the role played by all counsel and the value and importance of collegial relationships. I work hard to develop respectful and, to the greatest degree possible, friendly relationships with opposing counsel. In 2009, I was invited to become a partner at Cohen Milstein by one of the firm's attorneys who had been on the opposite side of major cases (and depositions) from me for years – we developed mutual respect and, ultimately, a close friendship. Although not all cases have such a happy outcome, I work hard to develop strong and trusting relationships with opposing counsel whenever possible.

7. The challenges presented by a witness who "severely, repeatedly, and perversely obstructed his own deposition" (Dkt. 803 at 16), go without saying. But at no point in this deposition did I become angry or act inappropriately in any way. I did caution opposing counsel and urge that the conduct be addressed (which was certainly appropriate in these circumstances). But I remained focused on obtaining responsive and honest testimony to the extent that was achievable.

8. Since filing the sanctions motion, I have reached out to other opposing counsel in this case with the expectation that, after the sanctions issues are resolved, the case will move forward in a more collegial manner. I am confident that view was reciprocated and have every expectation the case will move forward on that basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of May 2021.

/s/ Kit A. Pierson
Kit A. Pierson