# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, | ) |
| | ) |
|     Plaintiffs, | )    Civil Action No. 01-1357 (RCL/AK) |
| | ) |
| v. | ) |
| | ) |
| EXXON MOBIL CORPORATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## **DECLARATION OF AGNIESZKA FRYSZMAN**

I, Agnieszka Fryszman, state and declare as follows:

1. I am a partner at Cohen, Milstein, Sellers & Toll, PLLC and represent the Plaintiffs in this action. I am licensed to practice law in the District of Columbia and before this Court. I have personal knowledge of the facts stated below.

2. I attended a portion of the Rule 30(b)(6) deposition of Mark Snell that took place by zoom on February 15, 2021 (Singapore time). The deposition began at 7pm Eastern Standard Time and was scheduled to run until the next morning. I recall that I left the deposition at some point between midnight and 2am eastern time.

3. The parties recently conducted over 20 depositions in this case. The depositions all took place by zoom. The participants could set their screen to spotlight the witness or to gallery view, where all of the participants appear in same size small squares on the screen. Mr. Pierson sat at a desk that was at some distance from the camera and was surrounded by papers. Thus, he did not appear close up on the screen.

4. I participated via laptop and had my screen set to gallery view. As a result, I was

able to view all of the participants.

5.  Mr. Pierson and Ms. Oh are both assertive and aggressive litigators. They have participated in many meet and confer sessions and telephone conferences over the course of this litigation. They are each familiar with the other's personal style.

6.  In my opinion, one strategy Ms. Oh has consistently employed in this case is to seek to provoke opposing counsel, which serves to distract from evidence gathering and uses up time. Mr. Pierson was prepared for this strategy and did not permit himself to be provoked.

7.  I was able to observe Mr. Pierson during the time I was present at the deposition. During that time:

   a. At no point did Mr. Pierson behave inappropriately or in an unusual manner.

   b. At no point was Mr. Pierson "unhinged" as alleged in the motion filed by Paul Weiss (Dkt. 780).

   c. At no point did Mr. Pierson engage in theatrics.

   d. At no point did Mr. Pierson lose his temper.

   e. At no point was Mr. Pierson rude or demeaning to counsel or the witness.

   f. I did not observe any inappropriate facial expressions, glowering, or anything of that sort by Mr. Pierson.

   g. Mr. Pierson behaved reasonably. He attempted to get responsive answers from the witness.

8.  All things considered, Mr. Pierson was remarkably calm throughout the deposition and maintained a professional demeanor.

9.  I checked with Veritext, the video provider, and there is no recording of counsel's

faces from the deposition. If there had been a recording, I am confident that it would be consistent with my recollection of the deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 10, 2021 in Washington, D.C.

/s/ Agnieszka M. Fryszman  
Agnieszka M. Fryszman