IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 01-cv-01357-RCL |

**REPLY OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AND ALEX YOUNG K. OH IN SUPPORT OF THEIR RESPONSES TO THE ORDER TO SHOW CAUSE DATED APRIL 26, 2021**[1]

The Court has already determined that defense counsel's approach to the Rule 30(b)(6) deposition of ExxonMobil Indonesia Inc. was improper. The Court has also determined that the deposition transcript and video show plaintiffs' counsel acting in an appropriate manner. In responding to the Court's order to show cause, defense counsel strove not to relitigate those issues or to impugn plaintiffs' counsel. The response was intended to demonstrate that Rule 11 sanctions were not warranted in large part because defense counsel had acted in good faith based on their perception of events as they unfolded. In tense situations—particularly in a contentious deposition conducted by videoconference through the night and into the following morning—parties may and often do have drastically different perceptions of the other side's conduct. Defense counsel sought to address the conduct of plaintiffs' counsel only to explain that it honestly believed

---

[1] This Court has not ordered further briefing on the order to show cause beyond the initial responses filed by Paul, Weiss and Ms. Oh. In the event the Court considers plaintiffs' recently filed memorandum (ECF No. 806), Paul, Weiss and Ms. Oh respectfully request that the Court consider this reply as well.

1

that its statements about that conduct were fair at the time they were made, even if they proved incorrect in hindsight.

Defense counsel is disheartened that plaintiffs still felt the need to file a memorandum criticizing defendants and their counsel, and defense counsel does not wish to prolong this unhappy chapter of the litigation any further. As plaintiffs' counsel notes in his declaration, the parties have spoken and share the view that the "case will move forward in a more collegial manner." ECF No. 806-3, at 4. Defense counsel thus offers only the following brief points in response to plaintiffs' most recent contentions.

1. Plaintiffs perceive defense counsel to be "doubling down on their aspersions" against plaintiffs' counsel. ECF No. 806, at 9 (Pls.' Memo.). That was not at all defense counsel's intention. When discussing the conduct of plaintiffs' counsel, defendants attempted to convey only what defense counsel "genuinely believed" and "honestly and in good faith perceived and remembered." ECF No. 804, at 4 (PW Resp.); *see also, e.g.*, *id.* at 3 (discussing what Ms. Oh "believed"); *id.* at 8 (similar); *id.* at 18 (discussing Ms. Oh's "honest perception"); *id.* at 3 (discussing what defense counsel "believed in good faith"); *id.* at 4 (discussing how "defense counsel viewed plaintiffs' counsel's conduct"); *id.* at 15 (discussing how defense counsel "honestly perceived" the conduct of plaintiffs' counsel). Defense counsel did not argue in its response that it had "accurately perceived" the conduct of plaintiffs' counsel. Pls. Memo. 14. And for good reason: the Court already found the opposite to be true. *See* ECF No. 803, at 30–32.[2]

---

[2] Defense counsel assures the Court that it did not file its response to the order to show cause on the same day the Court's memorandum opinion became public in an effort to sully plaintiffs' counsel in the press. *See* Pls.' Memo 9–10 & n.9. To the contrary, the legal press has largely been focused on the fact that this Court sided with plaintiffs and imposed

2. Plaintiffs also view defense counsel's response as an effort to "re-litigate matters already considered by the Court." Pls.' Memo. 2. That again was not defense counsel's purpose. Defense counsel stated unconditionally that it "do[es] not contest the discovery remedies imposed by the Court" and was not seeking to relitigate the findings in the Court's memorandum order. PW Resp. 2; *see id.* at 20. Defense counsel recognizes that the Court disagreed with defense counsel's position, and defense counsel "apologize[d] that it took an approach the Court disapproves of in the deposition at issue and in the briefing that followed." *Id.* at 1. In addressing the conduct of plaintiffs' counsel, defense counsel sought to explain why they believed Mr. Snell was permitted to read from and otherwise rely on his notes merely to show the "context in which defense counsel's statements arose"—namely, that defense counsel was speaking from "the perspective of attorneys who believed in good faith that both Ms. Oh and Mr. Snell had acted properly." *Id.* at 3, 17.

That context is important because it demonstrates defense counsel's state of mind. Given that defense counsel could not locate a corporate representative who could testify from personal knowledge, defense counsel concluded that it was reasonable for Mr. Snell to read from and otherwise rely on his notes where necessary during the Rule 30(b)(6) deposition. *See* ECF No. 805-1, ¶ 8–10 (Oh Decl.); PW Resp. 16–17 (citing cases). Believing that it had acted properly, defense counsel viewed the threats of sanctions by plaintiffs' counsel, raised within the first hour of the deposition, as improper.

---

discovery sanctions on defendants. *See* ECF Nos. 806-1 and 806-2 (press articles cited by plaintiffs); Dean Seal, *Cohen Milstein Rips Paul Weiss, Alex Oh's 'Half Apologies,'* Law360 (May 10, 2021, 9:25 PM) <law360.com/trials/articles/1383289>.

To be sure, Ms. Oh was not the only defense attorney listed on defendants' sanctions briefing. *See* Pls.' Memo. 12. But the attorneys listed on the brief (and on this brief) with whom Ms. Oh consulted believed Ms. Oh's interpretation of the conduct at the deposition and, in light of her research supporting the use of the notes, shared in her interpretation that plaintiffs' counsel behaved improperly by threatening and then seeking discovery sanctions.[3]

3.     Plaintiffs state that it is "exceedingly difficult to believe" that defense counsel did not engage in a "pre-planned" effort to disrupt the deposition by having Mr. Snell read non-responsive portions from his notes. Pls.' Memo. 7. Ms. Oh has filed a sworn declaration under 28 U.S.C. § 1746 stating that it was "never [her] intention" for Mr. Snell to "respond[] by reading from the notes information that was not responsive to the specific question posed by plaintiffs' counsel." Oh Decl. ¶¶ 20, 21. Defense counsel reiterates here that there was no preplanned effort to have Mr. Snell disrupt or filibuster the deposition in any way, including by offering nonresponsive answers.[4]

---

[3] Plaintiffs argue that defense counsel could not have believed that Mr. Snell's use of notes was proper. *See* Pls.' Memo. 8. But defense counsel believed at the time of the deposition and at the time of the filing of its prior motion papers that the use of the notes at the deposition, including reading from the notes in response to some questions, was within the use permitted by the case law. *See, e.g.*, *Zeng v. Elec. Data Sys. Corp.*, Civ. No. 07-310, 2007 WL 2713905, at *4 (E.D. Va. Sept. 13, 2007) (approving of the use of a summary and compiled materials prepared by counsel); *In re Neurontin Antitrust Litig.*, Civ. No. 02-1390, 2011 WL 2357793, at *6 n.8 (D.N.J. June 9, 2011) (indicating that the use of notes prepared by counsel would be appropriate if they reflected the knowledge of the corporation rather than counsel's litigation position). Defense counsel also believed that those notes contained significant information responsive to plaintiffs' deposition topics.

[4] Plaintiffs further suggest that defendants could have designated two former employees with relevant personal knowledge as Rule 30(b)(6) representatives but that it was defendants' "strategy" not to do so. Pls.' Memo 6–7 n.6. Ms. Oh has provided a sworn statement that "former employees who may have relevant knowledge responsive to certain

4

4. Plaintiffs also dispute defense counsel's interpretation of the law surrounding Rule 11 sanctions. *See* Pls.' Memo. 16–19. It is unclear why, in the name of creating a "clear and accurate record" and answering "aspersions" cast "on the actions of plaintiffs' counsel," Pls.' Memo. 20, plaintiffs offer a substantive response to defense counsel's legal argument. Plaintiffs did not themselves move for Rule 11 sanctions, and indeed the Court has already awarded all of the relief plaintiffs sought and more.

In any event, plaintiffs offer no valid basis to disregard the plain text of Rule 11, which states that the rule "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Plaintiffs do not present any authority supporting the proposition that the Court may recast defendants' cross-motion for sanctions under Rule 30(d)(2) as one under 28 U.S.C. § 1927. Nor does the plain language of Rule 11(d) create a "lacuna in counsel's obligations." Pls.' Memo. 17. As plaintiffs themselves recognize, the Court has inherent authority to sanction bad-faith conduct. Pls.' Memo. 18.

Plaintiffs further contend that the Court need not provide defense counsel with specific notice that the Court is considering sanctions under its inherent authority for the statements made in defendants' sanctions briefing. *See* Pls.' Memo 19. Case law demonstrates otherwise. *See* PW Resp. 14–15.

---

topics were either unresponsive or unwilling to spend the time to sit for depositions." Oh Decl. ¶ 10; *see* Fed. R. Civ. P. 30(b)(6) (stating that a corporation can designate "other persons *who consent to testify*" to serve as a corporate representative (emphasis added)); Fed. R. Civ. P. 30(b)(6) advisory committee note (1970) ("The organization may designate persons other than officers, directors, and managing agents, but only with their consent. Thus, an employee or agent who has an independent or conflicting interest in the litigation—for example, in a personal injury case—can refuse to testify on behalf of the organization.").

5.      Finally, plaintiffs question whether defense counsel "fully appreciate[s] the nature, gravity and pervasiveness of the misconduct" found in the Court's memorandum opinion and order, suggesting that defense counsel offers only "half apologies."  Pls.' Memo. 1, 2.  Defendants are not contesting the Court's discovery sanctions, which go beyond the relief plaintiffs requested.  Defense counsel has apologized for its conduct.  The parties have already completed one of the additional Rule 30(b)(6) sessions ordered by the Court; defense counsel has scheduled the remainder.  And taking the Court's concerns to heart, defense counsel will strive to approach similarly contentious situations in this case and others differently in the future.   The suggestion that defendants and defense counsel are recalcitrant actors who need additional sanctions to be brought in line is simply unfounded.

*          *          *          *          *

Sanctions are not warranted against the law firm of Paul, Weiss, Rifkind, Wharton, & Garrison LLP or Ms. Alex Young K. Oh under Federal Rule of Civil Procedure 11(b)(3) for the statements identified in the Court's April 26 memorandum opinion.

| | |
|---|---|
| Washington, D.C.<br>May 12, 2021 | Respectfully submitted, |

/s/ Geoffrey M. Klineberg
Geoffrey M. Klineberg (Bar No. 444503)
gklineberg@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900

*Counsel for Alex Young K. Oh*

/s/ Jaren Janghorbani
Theodore V. Wells, Jr. (Bar No. 468934)
twells@paulweiss.com
Jaren Janghorbani (admitted *pro hac vice*)
jjanghorbani@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

/s/ Justin Anderson
Justin Anderson (Bar No. 1030572)
janderson@paulweiss.com
Mitchell Webber (Bar No. 1024005)
mwebber@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 223-7300

*Counsel for Defendants*
*Exxon Mobil Corporation and*
*ExxonMobil Indonesia Inc.*