# **<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, | ) |
|       Plaintiffs, | ) Civil Action No. 01-1357 (RCL/AK) |
| v. | ) |
| EXXON MOBIL CORP., *et al.*, | ) |
|       Defendants. | ) |

**DECLARATION OF NICHOLAS J. JACQUES**

1. I am an attorney licensed to practice law in the District of Columbia and an associate at Cohen Milstein Sellers and Toll, PLLC ("the Firm"). I represent the Plaintiffs in the above-captioned matter. I am over the age of 18 and competent to testify.

2. I submit this declaration in support of Plaintiffs' Motion for Reasonable Expenses. The matters discussed herein are based on my personal knowledge and on records contemporaneously generated and kept by the Firm in the ordinary course of its law practice.

3. I created Exhibit A based on records generated by the Firm's internal billing software and provided to me by the Firm's accounting department and. In particular, I received Excel spreadsheets listing all the time attorneys and paralegals at the Firm billed to the above-captioned matter, along with narrative descriptions contemporaneously entered that explain the activity the attorney or paralegal conducted during the billed time.

4. To create Exhibit A, I identified all time entries related to Plaintiffs' Motion to Compel, the Compelled EMOI testimony, the resumed EMOI 30(b)(6) deposition, or Plaintiffs' Motion for Reasonable Expenses. A paralegal working under my supervision then removed coding and other information intended only for internal purposes, and I made purely clerical

edits to the narrative descriptions for purposes of clarity (for example, correcting typos and replacing abbreviations or initials with complete phrases). Upon consultation with the partners on this case, I also removed time entries that, per their billing judgment, should not be submitted for recovery. I then sorted the time entries by each timekeeper, calculated the total time each timekeeper spent on compensable activities, and multiplied that sum by the timekeeper's 2021 billable rate, set by the Firm at the beginning of the year. A paralegal checked my calculations.

5. To the best of my knowledge and belief, Exhibit A accurately represents the compensable time Plaintiffs' attorneys and paralegals spent on Plaintiffs' Motion to Compel, the compelled EMOI testimony, the resumed EMOI 30(b)(6) deposition, or Plaintiffs' Motion for Reasonable Expenses.

6. Exhibit B is an itemization of expenses billed to this matter and internally coded as relating to Plaintiffs' Motion to Compel, the compelled EMOI testimony, or the resumed EMOI 30(b)(6) deposition. Exhibit B is a distillation of a document provided to me by the Firm's accounting department.

7. Based on my review of these expenses and my first-hand knowledge of expenses incurred related to these matters, Exhibit B to the best of my knowledge and belief accurately represents the expenses the Firm incurred on Plaintiffs behalf while litigating Plaintiffs' Motion to Compel and preparing for and taking the compelled EMOI testimony, or the resumed EMOI 30(b)(6) deposition.

8. Exhibit C is a collection of short biographies summarizing the qualifications and experience of each attorney and timekeeper who provided compensable time on these matters. The attorney biographies are distillations of biographies maintained by the Firm's marketing

department. The paralegals each drafted their own biography at my instruction. To the best of my knowledge and belief, each biography is accurate.

9. Exhibit D is a true and accurate copy of the LSI Laffey Matrix as displayed on http://www.laffeymatrix.com/see.html.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of June, 2021.

/s/ Nicholas J. Jacques
Nicholas J. Jacques