**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE I, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 01-1357 (RCL/AK) |
| ) | |
| v. ) | |
| ) | |
| EXXON MOBIL CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION FOR LETTERS FROM COURT**
**TO FACILITATE THE VISA AND PAROLE PROCESSES AND A TRIAL DATE**

Because discovery has been completed and summary judgment briefing is now before the Court, Plaintiffs are taking steps to prepare for trial, including renewing their applications for visas and/or humanitarian "parole" into the United States for trial.[1] Accordingly, Plaintiffs respectfully request a letter from the Court in support of their visa and parole applications that includes, if the Court deems it appropriate, setting at least a tentative date for trial. Plaintiffs have conferred with Defendants regarding this motion and Defendants have declined to consent to this relief.[2] A Proposed Order and draft letters in support of visas and humanitarian parole (Exhibits A and B, respectively) are appended hereto.

In support of this motion the Court should be apprised of the following:

---

[1] Humanitarian or significant public benefit parole (often referred to generally as humanitarian parole) may be available for otherwise inadmissible foreign citizens to enter the United States to participate in civil legal proceedings. *Guidance on Evidence for Certain Types of Humanitarian or Significant Public Benefit Parole Requests*, U.S. Citizenship and Immigration Servs., https://www.uscis.gov/humanitarian/ humanitarian-parole/guidance-on-evidence-for-certain-types-of-humanitarian-or-significant-public-benefit-parole-requests (last visited Oct. 15, 2021) (hereinafter, *Guidance*).

[2] Defendants oppose both sending letters in support of Plaintiffs' visa and parole applications and setting a trial date until the Court has decided Defendants' Motion for Summary Judgment.

1.      Plaintiffs recognize that the Court has considerable discretion in managing trial to effectuate the Federal Rules' directive "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs also understand that the Court has a wealth of experience in trial management and a general practice of setting the trial date after resolution of dispositive motions. From Plaintiffs' research, it appears the Court usually sets trial for dates ranging from a few weeks to a few months after resolution of dispositive motions.

2.      Plaintiffs also recognize that Defendants have a pending summary judgment motion. Although Plaintiffs believe the motion has no merit, Plaintiffs do not ask the Court to prejudge the resolution of this motion.[3] Plaintiffs will, however, need substantial lead time before trial to apply for visas and/or humanitarian parole; to make logistical arrangements to bring each client to the United States and house them here, with appropriate support, including caregivers for the elderly clients and translation support; and for each client to make the necessary arrangements to travel overseas, most for the first time in their lives, including to arrange for care for family members and ensure their farms and businesses are cared for in what may be absences of a month or more from their homes and work. Accordingly, it is prudent for Plaintiffs to begin making these arrangements now even without certainty as to the outcome of Defendants' pending summary judgment motion. Plaintiffs recognize the Court's assistance in these prudent arrangements does not imply any position with respect to Defendants' motion.

3.      As previously advised, Plaintiffs' strong preference, if the Department of State will grant visas or U.S. Citizenship and Immigration Services ("USCIS") will grant parole, is to

---

[3] Plaintiffs' position on Defendants' summary judgment motion is set forth in Dkt. 826 and there is no need to revisit those issues here.

appear in Washington, D.C. to testify in person before the jury.[4] In order to do so, Plaintiffs intend to re-apply for visas and/or parole to enter the United States. In order to differentiate their applications from their prior applications for visas for the purpose of depositions—which were denied—Plaintiffs intend to emphasize the importance of appearing in person at trial, and for that reason request that this Court issue letters in support of Plaintiffs' visa and parole applications for trial-related travel to the United States. Plaintiffs have provided draft sample letters for the Court's consideration. *See* Exhibits A & B.

4.      Submission of such letters in litigation of this kind is routine. We append Exhibits C and D as exemplars of such letters from other litigation.[5] For these purposes, it would be very helpful to specify at least a tentative trial date for the action. Indeed, USCIS guidance on parole for civil legal proceedings states that "the petitioner should provide evidence regarding the proceeding," specifically including "Court documents stating the date and time of the legal proceedings." *Guidance*, *supra* n.1. In counsels' experience and judgment, stating that the Plaintiffs' presence is necessary for a specific trial date also improves the prosects that visas will be granted. Setting a trial date will also allow the parties to proceed in a practical and expeditious manner to address other logistical issues, such as securing housing for all eleven Plaintiffs, arranging for Acehnese translators to be available in the United States, and other logistical needs.

_____

[4] Defendants have also taken the (erroneous) position that Plaintiffs *must* appear in person to preserve their Due Process rights, *see* Defs. Mem. of Law in Support of Mot. for S.J., Dkt. 818-1, at 39.

[5] Plaintiffs' personal experience has been with the visa process rather than parole, and Exhibits C and D are both visa letters. However, colleagues have had success with the parole process, which includes specific provision for non-citizens to enter the U.S. to testify in civil trials. The parole letter attached as Exhibit B has been tailored to the parole process based on statutory requirements, published guidance, and Plaintiffs' consultations. Plaintiffs are continuing to consult with knowledgeable sources to determine the most efficacious way to sequence visa and parole requests, which will require counsel to evaluate a number of relevant considerations, including application backlogs in either process.

Making these concrete arrangements can also aid in the visa or parole process—especially travel back to Indonesia—because it demonstrates that Plaintiffs plan to travel for a specific purpose and return home afterwards, and that they will have sufficient support in the United States.

5.     The parole process in particular requires substantial advance notice of trial and a date certain around which parole can be planned. U.S. law and regulations make specific provision for non-citizens "who will be witnesses in proceedings being, or to be, conducted by judicial, administrative, or legislative bodies in the United States." 8 C.F.R. § 212.5(b)(4). According to U.S. Citizenship and Immigration Services, however, a successful parole applicant must "provide evidence regarding the proceeding," including "Court documents stating the date and time of the legal proceedings." *Guidance*, *supra* n.1. The agency also considers "[w]hether the beneficiary intends to leave the United States once their parole expires" and "[w]hether the beneficiary will have sufficient financial support while in the United States."[6] To demonstrate favorable conditions on these factors, Plaintiffs' consultations suggest they must make concrete arrangements for their stay in and departure from the United States. Another consideration is "[w]hether the purpose of the parole request may be accomplished within a specific, temporary period of time"—again requiring dates certain within which Plaintiffs can expect to testify.

6.     In Plaintiffs' view, counsel in this case can be trial-ready by June 13, 2022 if the Court issues visa/parole letters soon, and a trial can be conducted in approximately four weeks.[7]

---

[6] *Humanitarian or Significant Public Benefit Parole for Individuals Outside the United States*, U.S. Citizenship and Immigration Servs., https://www.uscis.gov/humanitarian/ humanitarian-or-significant-public-benefit-parole-for-individuals-outside-the-united-states (last visited Oct. 15, 2021).

[7] Plaintiffs recognize that the trial date will depend on the Court's schedule. We note that one of Mr. Pierson's daughters is having a wedding on May 25, 2022 in Arlington, Virginia, and Ms. Fryszman's son's college graduation is May 27-30, 2022 in Providence, Rhode Island. The Plaintiffs' observance of Ramadan from April 2 to May 2 would make their participation in a

Plaintiffs will take all appropriate steps to secure visas or humanitarian parole, but understand that the award and timing of these permissions are ultimately a matter controlled by their respective government agencies.

7.     In the event that some or all Plaintiffs are denied visas and parole, Plaintiffs would immediately file a motion with the Court seeking leave to proceed with trial depositions (*i.e.*, *de bene esse* depositions) for some or all of the Plaintiffs or, in the alternative, leave to present testimony at trial by videoconference.

Although that issue can be fully briefed if a motion becomes necessary, Plaintiffs' view is that trial depositions for some or all of the Plaintiffs would be the most appropriate and efficacious method to proceed if visas are denied. Before the severity of the covid pandemic became clear in the Spring of 2020, Plaintiffs and Defendants had agreed on a schedule for both discovery and trial depositions of each Plaintiff.[8] As the covid situation deteriorated, Defendants cancelled those depositions and declined to proceed with any depositions remotely.[9] When this dispute was then presented, the Court directed the parties to proceed with remote discovery depositions, but ruled that trial depositions were premature and the motion for trial depositions could be renewed after the completion of all fact discovery. Mem. Op., Dkt. 719 at 8-9 (Aug. 10,

trial during that period difficult. And several of Plaintiffs' expert witnesses have indicated times when they would be unavailable in April and May.

Plaintiffs believe their case can be presented in approximately three weeks of testimony. Exxon has a very limited witness list and presentation of its case presumably will take a week or less.

[8] *See* Pls.' Mem. in Support of Mot. for (A) Leave to Take Plaintiffs' Trial Depositions; and (B) Leave to Take All Depositions Remotely Pursuant to Fed. R. Civ. P. 30(b)(4) & (b)(5), Dkt. 711 at 9-11, 19-20 (May 19, 2020) ("Pls. Trial Dep. Mem."); Pls. Reply Mem. in Support of Mot. for (A) Leave to Take Plaintiffs' Trial Depositions; and (B) Leave to Take All Depositions Remotely Pursuant to Fed. R. Civ. P. 30(b)(4) & (b)(5), Dkt. 715 at 13-15.

[9] *See* Pls. Trial Dep. Mem. at 11; Defs' Mem. in Opp. to Pls.' Mot. for Leave to Take Pls.' Trial Depositions and Leave to Take All Depositions Remotely, Dkt. 712-2.

2020); Order, Dkt. 720 at 1 (Aug. 10, 2020) (denying without prejudice Plaintiffs' motion); *see also* Mem. Op., Dkt. 586 at 28-41 (Dec. 7, 2016) (addressing visa issues and use of remote depositions).

Plaintiffs believe the best course now is to take steps to secure visas or parole and, if some or all Plaintiffs' applications are denied, schedule and complete trial depositions of these plaintiffs for use at trial.[10] The Defendants have already taken and videotaped discovery depositions (and were permitted up to seven hours of questioning) of each of these witnesses. The Federal Rules authorize the use of *de bene esse* depositions at trial and there are very significant practical advantages for the Court, the jury and the parties should that become necessary here:

- Juries are now accustomed to video communication as a matter of course. Courts also have a wealth of experience with video testimony. This trial will already involve substantial videotaped testimony from numerous corroborating witnesses who are not parties and were deposed in Indonesia as well as videotaped testimony from other witnesses (*e.g.*, Exxon's former employees and Rule 30(b)(6) witnesses).

- Use of videotaped deposition testimony allows the Court, jury and parties to avoid the self-evident complications presented by the twelve-hour time difference between Aceh, Indonesia and Washington, D.C.

- Videotaped testimony eliminates the risk of technical problems that could arise in trying to present live, videoconference testimony from Indonesia.

---

[10] *See, e.g., Wye Oak Technology, Inc. v. Republic of Iraq*, No. 1:10-cv-01182-RCL , 2018 WL4901075 (D.D.C. Oct. 9, 2018) (analyzing standards "on when *de bene esse* depositions are appropriate). The fact that an unavailable witness is a party does not preclude use of that party's deposition testimony at trial. *Richmond v. Brooks*, 227 F.2 490, 492 (2d Cir. 1995); *Robinson v. Food Service of Belton, Inc.* 415 F.Supp.2d 1232, 1238 (D. Kan. 2005) (plaintiff located more than 100 miles from place of trial); *Stewart v. Meyers*, 353 F.2d 691, 696 (7th Cir. 1965) (defendant located more than 100 miles from place of trial);*Glaverel Societe Assonyme v. Northlake Marketing & Supply., Inc.*, 139 F.R.D. 368, 370 (N.D. Ind. 1991) (depositions of corporate plaintiffs' employees who reside and worked in Belgium); *Frank S. Sinkwich, Inc. v. Texaco Refining & Marketing, Inc.*, 120 F.R.D. 540, 541 (M.D. Ga. 1988) (corporate defendant's employees located more than 100 miles from trial).

- Videotaped testimony will also allow the Court and parties to resolve evidentiary issues or translation disputes outside the presence of the jury and without the attendant delays and complications this would otherwise involve.[11]

In presenting these issues, Plaintiffs merely seek to plan prudently for all contingencies. Plaintiffs reiterate that they intend to take all appropriate steps to seek visas or parole from the State Department and USCIS and address the other logistical matters described above, so they can appear in person in Washington, D.C. Plaintiffs also believe, however, that the expeditious and just administration of this matter is best served by describing the relevant issues as fully as possible to the Court and discussing the most practical and efficacious way to move forward.

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion for Letters from the Court to Facilitate the Visa and Parole Processes and a Trial Date be granted.

---

[11] *See RLS Associates, LLC v. United Bank of Kuwait PLC,* No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2015) ("[T]he Advisory Committee Notes to the 1966 Amendment of Rule 43(a) states that '[o]rdinarily depositions including video depositions, *provide a superior means of securing the testimony of a witness* who is beyond the reach of a trial subpoena" [emphasis added by the court]; superior, that is, to a contemporaneous transmission of a witness's testimony. In the present case a contemporaneous transmission of Martorano's testimony would be highly inconvenient, due to the large time difference between New York and Dubai. The greater distance between court and witness also leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays – problems which might better be handled in a deposition than during trial."); *United States v. Mohamed*, 18-cr-603 (ARR), 2020 WL 1545522, at *8 (E.D.N.Y. Apr. 1 2020) (where material witnesses in criminal trial were overseas and "unavailable," the court stated that "the government should be able to facilitate remote depositions that do not require any attorneys to travel to Somalia. If it is technologically feasible, the parties should conduct recorded Rule 15 depositions over videoconference with witnesses at the United States Embassy in Mogadishu. I chooses this solution rather than CCTV testimony both because of the challenges of coordinating live testimony, and because I anticipate needing to make numerous rulings about the admissibility of witness testimony."); *cf. In re Urethane Antitrust Litig.,* 2:08-5169, 2016 WL 723014 (D.N.J. Feb. 22, 2016) (permitting testimony by plaintiffs' current employees to be presented by videotaped depositions, rather than live or videoconference testimony, and citing Advisory Committee note that "Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena [as compared to video testimony]").

Date: November 3, 2021

Respectfully submitted,

/s/ Kit A. Pierson

Paul L. Hoffman (*Pro Hac Vice)*
**Schonbrun Seplow Harris Hoffman &
Zeldes LLP**
11543 W. Olympic Blvd
Los Angeles, CA 90064
Tel: (310) 396-0731
hoffpaul@aol.com

Kit A. Pierson (# 398123)
Agnieszka M. Fryszman (# 459208)
Robert W. Cobbs (# 1045579)
Nicholas J. Jacques (#1673121)
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.com
kpierson@cohenmilstein.com
rcobbs@cohenmilstein.com
njacques@cohenmilstein.com

Brent Nelson Rushforth (#331074)
1112 Cripplegate Road
Potomac, MD 20854
Tel: (301) 943-7977
brentrushforth@icloud.com

Terrence P. Collingsworth (# 471830)
**International Rights Advocates**
621 Maryland Ave., N.E.
Washington, DC 20002
Tel: (202) 255-2198
tc@iradvocates.org

Poorad Razavi
**Cohen Milstein Seller & Toll PLLC**
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL. 33410
Tel: (561) 515-1400
Fax: (561) 515-1401
prazavi@cohenmilstein.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 3, 2021, I electronically filed the foregoing Plaintiffs'

Motion for Letters from the Court to Facilitate the Visa and Parole Process and a Trial Date with

the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record.


Dated:     November 3, 2021                          /s/ Kit A. Pierson
                                                     Kit A. Pierson