IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 01-1357 (RCL/AK) |
| | ) |
| v. | ) |
| | ) Judge:  Hon. Royce C. Lamberth |
| EXXON MOBIL, CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### JOINT PRETRIAL STATEMENT OF DEFENDANTS EXXON MOBIL CORPORARTION AND PLAINTIFFS

Pursuant to Local Rule 16.5(b) and the Court's scheduling order filed on December 1, 2022, Defendants and Plaintiffs herby file their Joint Pretrial Statement.

**I.    STATEMENT OF THE CASE**

Plaintiffs' Statement of the Case:  Plaintiffs, eleven villagers from rural Aceh, Indonesia, filed this lawsuit in June 2001 against Exxon Mobil Corporation and its subsidiary, Exxon Mobil Oil Indonesia. The Plaintiffs allege that they (or their deceased next of kin) were the victims of human rights abuses committed by soldiers serving in the Indonesian military.  Exxon contracted with the Indonesian state oil company for security protection to be made available at Exxon's request. Plaintiffs allege that although the Indonesian military's reputation for committing human rights abuses was well-known and known to Exxon, Exxon requested and repeatedly increased its requests for military security in order to protect and expand its gas operations into an area that was the site of a long-standing armed conflict.  Plaintiffs allege that these same soldiers beat, sexually assaulted, and tortured them or killed their relatives, and that Exxon's acts or omissions were responsible.

The court has decided that the claims may be heard in a United States court and that Indonesian law governs.

Defendant's Statement of the Case:  In this case, eleven plaintiffs claim to have been injured by the Indonesian military in the Indonesian province of Aceh during a brutal civil war between the Indonesian national government and regional separatists.  Plaintiffs claim that Defendants are responsible for the conduct of the Indonesian military because ExxonMobil Oil Indonesia, Inc. ("EMOI") was operating a natural gas facility that was owned by the government of Indonesia and protected, in part, by Indonesian soldiers working at the direction of the Indonesian military.  To the extent Plaintiffs' injuries can be proven, those injuries were likely caused by soldiers stationed in the region to fight the separatists as part of the civil war, and not related to the operations at the gas field.  Even if Plaintiffs could prove that their injuries were caused by soldiers in connection with guarding the gas field, EMOI, as a contractor for the state-owned oil and gas company, had no ability to control a foreign military or its soldiers.  By law and contract, the Indonesian government had exclusive authority to provide security for the state-owned natural gas field and related facilities.

## II. CLAIMS AND DEFENSES

    A. Each Plaintiff claims:

        1. Both Defendants are directly liable for wrongful acts or omissions under Indonesian Civil Code Article 1365 and Article 1366;

        2. Both Defendants are vicariously liable for wrongful acts or omissions under Indonesian Civil Code Article 1367 and/or Indonesian Company Law 40/2007 Article 3(2)(c).

    B. Defendants' Defenses:

Defendants will assert the following defenses, pursuant to Indonesian law, to Plaintiffs' allegations and claims:

1. Defendants did not hire, select, retain, contract with, or employ the Indonesian military, military personnel, or police to perform security services for the Indonesian government-owned facilities in Aceh, Indonesia, where Defendants' employees and contractors worked. The Indonesian government bore legal and contractual responsibility for providing security for those facilities.

2. Defendants cannot be held liable for Plaintiffs' alleged injuries because Plaintiffs cannot identify the individuals who are alleged to have injured them.

3. During the relevant time period, the Indonesian government stationed troops in Aceh to fight a civil war, including the region where Plaintiffs were allegedly injured. At the time when the alleged injuries occurred, the members of the Indonesian military who allegedly injured Plaintiffs were not protecting EMOI personnel, EMOI property, or the Indonesian government-owned facilities at Arun Field.

4. Recovery for Plaintiffs' alleged injuries is barred because, to the extent the alleged acts occurred, they were lawful. The Indonesian military personnel and police alleged to have injured Plaintiffs were following the law or exercising authority granted to them by Indonesian law when performing the alleged acts causing injury to Plaintiffs.

5. When the alleged injuries occurred, the relevant Defendant or Indonesian soldier was acting in defense of self, another person, his or her or another person's moral honor or property, against an immediate unlawful attack or threat of attack, and the act of defense was not excessive, or, if excessive, was the result of trauma caused by the attack or threat of attack.

6. When the alleged injuries occurred, the relevant Defendant or Indonesian soldier was following a superior's orders, which fell within that Defendant's or Indonesian soldier's scope of duties and were given with legal authority or which the Defendant or Indonesian soldier believed, in good faith, were given with legal authority.

7. Plaintiffs' claims are barred because, under the act of state doctrine, one country cannot judge through its court system the sovereign acts of another country. Here, Plaintiffs were allegedly injured by members of the Indonesian military, the members of the Indonesian military were part of the Indonesian government or administration, and when the members of the Indonesian military allegedly injured Plaintiffs, the Indonesian military was performing a function of government in the field of public law, such as law enforcement.

## III. WITNESS SCHEDULES

Plaintiffs' schedule of witnesses is attached hereto as Exhibit 1 to the Declaration of Robert W. Cobbs filed with this statement. Defendants' schedule of witnesses is attached as Exhibit 2.

## IV. EXHIBITS

Plaintiffs' Exhibit List is attached as Exhibit 3. Defendants' Exhibit List is attached as Exhibit 4. Each list notes objections lodged by the opposing party.

## V. DEPOSITION TESTIMONY

The parties' proposed deposition designations, objections to designations, counter-designations, objections to counter-designations, reply designations, and objections to reply designations are attached as Exhibit 5.

## VI. PLAINTIFFS' ITEMIZATION OF DAMAGES

Plaintiffs' seek moral damages from Defendants, for which no monetary amount need be set forth under Local Rule 16.5(b)(8).

## VII. PROPOSED JURY INSTRUCTIONS

Plaintiffs' Proposed Jury Instructions are attached as Exhibit 6. Defendants' Proposed Jury Instructions are attached as Exhibit 7.

## VIII. PROPOSED VERDICT FORM

Plaintiffs' Proposed Verdict Form is attached as Exhibit 8. Defendants' Proposed Verdict Form is attached as Exhibit 9.

| | |
|---|---|
| April 26, 2023 | Respectfully submitted, |

/s/ Justin Anderson            /s/ Agnieszka M. Fryszman

Theodore V. Wells, Jr. (Bar No. 468934)
Jaren E. Janghorbani (*admitted pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-064
Tel: (212) 373-3000
twells@paulweiss.com
jjanghorbani@paulweiss.com

Justin Anderson (Bar No. 1030572)
Mitchell Webber (Bar No. 1024005)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, N.W
Washington, DC 20006-1047
Telephone (212) 373-3000
janderson@paulweiss.com
mwebber@paulweiss.com

*Attorneys for Defendants*

Agnieszka M. Fryszman (#459208)
Kit A. Pierson (#398123)
Robert W. Cobbs (# 398123)
Nicholas J. Jacques (#1673121)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.com
kpierson@cohenmilstein.com
rcobbs@cohenmilstein.com
njacques@cohenmilstein.com

Paul L. Hoffman (Pro Hac Vice)
Schonbrun Seplow Harris Hoffman & Zeldes
200 Pier Avenue, #226
Hermosa Beach, CA 90254
Tel: (31) 396-0731
hoffpaul@aol.com

Terrence P. Collingsworth (#471830)
International Rights Advocates
621 Maryland Ave., N.E

Brent Nelson Rushforth (#331074)
1112 Cripplegate Road
Potomac, MD 20854
Tel: (301) 943-7977
brentrushforth@icloud.com

        Leslie M. Kroeger
        Theodore J. Leopold
        Poorad Razavi
        Cohen Milstein Sellers & Toll PLLC
        11780 U.S. Highway One, Suite N500
        Palm Beach Gardens, FL 33408
        Tel: (561) 515-1400
        Fax: (561) 515-1401
        lkroeger@cohenmilstein.com
        tleopld@cohenmilstein.com
        prazavi@cohenmilstein.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I electronically filed the *Joint Pretrial Statement* with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record in this matter.

Dated:   April 26, 2023                                              /s/ Agnieszka M. Fryszman
                                                                                                       Agnieszka M. Fryszman